UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10384-PBS

UNITED STATES OF AMERICA

v.

DANIEL KAMEN

MEMORANDUM AND ORDER ON GOVERNMENT'S
<u>MOTION FOR DETENTION</u>

December 28, 2004

COHEN, M.J.

After hearing, the statutory presumptions notwithstanding, the government's motion for pretrial detention pending trial is denied for the reason that this court finds and concludes that there are reasonable conditions of release - all of which are more fully set forth below - which would reasonably assure this court that the defendant will appear as required, and that the defendant would not pose a further danger to the community.

To be sure, the evidence against the defendant in this child pornography case brought under the provisions of 18 U.S.C. §§ 2252(a)(1) and 2252(a)(4)(B) is overwhelming. And it is clear to this court beyond peradventure on the current record

before this court that the defendant engaged in the most violent of conduct[1] in that his actions caused and continues to cause (in this court's view) irreparable damage to the most vulnerable of our society - our minors.  Indeed, if the issue before this court was an appropriate sentence after conviction, wholly apart from the mandatory minimum provided by the applicable statutes, and wholly apart from that which is appropriate under the Sentencing Guidelines, this court would conclude, again based on the limited record currently before this court, that the statutory minimum of five years is but a floor for consideration.

All of that notwithstanding, the pressing question before this court is whether there are conditions of release which would reasonably assure that the defendant would not pose a further danger to the community.[2]  And on that, this court concludes that the following conditions of release fit the bill.  Accordingly, it is ordered that the defendant be released on the following minimum conditions,[3] to wit:

1,      That the defendant shall sign an unsecured appearance bond in the amount of $250,000;

2.      That the defendant shall be confined to the residence of his father in Cambridge, Massachusetts, subject to the third-party custodianship of his father, and shall, at all times, be monitored by an electronic bracelet;

---

[1] Even apart from the definitional provisions of 18 U.S.C. § 3156.

[2] Although the government's motion for detention is also grounded on risk of flight, given the defendant's self-surrender, and other information showing his roots in the community, this court finds and concludes that the conditions of release set forth below directed at eliminating danger to the community would also serve to ensure his presence at trial.

[3] Lest there be any misunderstanding, the conditions set forth herein are the minimum and nonnegotiable conditions.  Other standard conditions will be addressed at the release hearing.

3. That there shall not be present in his father's, and the defendant shall not use, any computer or any device of whatever name (*e.g.*, wireless PDA, etc.);

4. That the defendant shall be subject to unannounced searches (of the defendant, his residence, and his visitors) by agents or officers of the Federal Bureau of Investigation, Pretrial Services, or by other law enforcement agencies;[4]

5. That no minor children shall, under any circumstances, be permitted to enter his father's premises;

6. That the defendants shall not, directly or indirectly, in person or by telephone or otherwise, contact, or attempt to contact, any witnesses, victims, or informants in this case;

7. That the defendant shall execute an enforceable contract, in a form agreeable to the government, whereby the defendant agrees that his unsecured appearance bond referred to in Paragraph 1 above,

(a) **shall** be forfeited to the United States, not only for defendant's failure to appear as required, but also for any violation of Paragraphs 2 through 6 above, or for any commission of any criminal offense, and for any violation of the conditions set forth in subsections (iv), (v), (viii), and (ix) of Title 18, United States Code, Section 3142(c)(B). See United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991); and

(b) **may** be forfeited to the United States, not only for defendant's failure

---

[4] And those with whom the defendant will reside shall be required to indicate their consent to such unannounced searches at the release hearing.

to appear as required, but also for any other violation of the conditions of his release.

See United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).[5]

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] A release hearing shall be scheduled when we have been notified that defendant's father is willing to permit the defendant reside at his premises under the conditions set forth   The defendant's father must be present at the release hearing.