UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10384-PBS

_____

UNITED STATES

v.

DANIEL KAMEN

_____

**DEFENDANT'S MOTION FOR DISCOVERY**

Daniel Kamen, defendant in the above-captioned case, hereby moves this Court, pursuant to Fed. R. Crim. P. 7(f) and 16 and Rule 116.3(G) of the Local Rules for the District of Massachusetts, for an order requiring the government to provide the discovery specified below. Mr. Kamen requested discovery from the government on May 25, 2005. *See* Exhibit 1. The government responded by letter dated June 6, 2005. *See* Exhibit 2.

1.   **Information Regarding Age of Individuals Depicted.**

Defendant's Request:

*Concerning the age of the victims, specifically, how the government intends to prove it whether by actual knowledge, Tanner or through other medical/science experts.*
   *If it is through actual knowledge, then there would be a request for ages, dates, names, etc.*

Government's Response:

*_____The government objects to this request to the extent that the information requested is not required to be produced by the local or federal rules, or relevant case law. That being said, the government intends to prove at trial that the individuals depicted in the three videos are under the age of 18 by introduction of the videos themselves to the jury. To the extent the government intends to call expert or other witnesses in that regard, it will make the required disclosures at the appropriate times, as provided in the local and federal rules.*

Argument:

The government's response is inadequate. While indicating that the government intends to prove the ages of the individuals in the videos merely by showing the videos to the jury and that the government has no direct evidence of the individuals' ages, the government nonetheless holds open the possibility of calling expert witnesses to establish age.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G):

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

In this case, the defendant needs the requested information at least sixty days prior to trial so that he can, if necessary, locate his own experts, obtain funds from the court for those experts, prepare them to testify, file appropriate motions *in limine*, and prepare to challenge the government's experts at trial through cross-examination. Age determination, in many circumstances, is a difficult and complicated issue. *See*, *e.g.*, *United States v. Hilton*, 386 F.3d 13, 18-19 (1st Cir. 2004); *United States v. Katz*, 178 F.3d 368, 372-374 (5th Cir. 1999). There is no reason to postpone discovery on this issue until the eve of trial.

2.  **Bill of Particulars Regarding Delivery of the Tapes.**

Defendant's Request:

_____*A bill of particulars showing the steps made to order and conduct the controlled delivery of the tape (e.g. from what Maryland post office it was sent, how it was delivered whether through the mail or by a separate hand-delivery system from Maryland to Massachusetts, etc.)*

Government's Response:

*The government believes that the Indictment and automatic discovery are sufficient in this regard, and declines to provide a Bill of Particulars.*

Argument:

The government's response is inadequate. "The purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir.1989). Mr. Kamen cannot prepare to defend against crucial parts of the case against him without further information regarding the alleged offense.

The discovery provided indicates that Mr. Kamen allegedly ordered videotapes by mailing an order form to an address in Maryland. The postal inspector then allegedly "created an envelope" addressed to Mr. Kamen and with the return address of the undercover investigation in Maryland, placed three videos into that envelope, and conducted a "controlled delivery" to Mr. Kamen's residence.

The government has provided no information whatsoever regarding the creation and prior location of those videos. Under the statute, 18 U.S.C. §2252, the government must show that the illegal videos traveled in interstate commerce. *See*, *e.g.*, *United States v. Acosta*, 421 F.3d 1195, 1197-1198 (11th Cir. 2005). The defendant certainly has no independent way of investigating the history of the videos prior to the date of the alleged offense, and is therefore unable to mount a defense to this element of the crime without the requested bill of particulars. To allow the government to present this evidence for the first time at trial would deny the defendant the ability to defend himself by investigating and challenging, if appropriate, the government's testimony on

this point.

3.    **Information Regarding the Tapes.**

   Defendant's Request:

   *Information concerning how many generations of videotape (i.e. is it a copy of a copy of a copy?)*

   Government's Response:

   *The government objects to this request on the grounds of relevance and discoverability, and declines to provide the information requested.*

   Argument:

   The government is simply incorrect that information about whether the video is a copy of a copy is irrelevant.  Such information is necessary for the defendant to be able to test the government's contentions that the video depicts real individuals, not virtual or computer-generated individuals, *see Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), and that those individuals are minors.  Without knowing how many times the video has been copied, the defendant (and his experts, if necessary) will be unable to determine whether any irregularities in the video are the result of mere copying, or of manipulation, or that they signal that the individuals are not real or are not minors.

4.    **Copies of the Tapes.**

   **Defendant's Request:**

   *A copy of the videotapes for defense experts to do independent evaluations and tests to determine [whether it is a copy].  A tape copy will also be needed by defense for its experts to determine potential Daubert issues of whether the images are accurate real images or have been*

*morphed or altered in any way.*

### Government's Response:

*The government declines to produce a copy of the videotapes on the grounds that they contain contraband child pornography. As stated in the automatic discovery letter, the videotapes are available for inspection by defense counsel and his experts at the Office of the United States Postal Inspector. To the extent the defense wishes to file a motion seeking production of copies of the videotapes, the government will respond at that time.*

### Argument:

Fed. R. Crim. P. 16 states, in part, that:

> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

The government's contention that the videos are contraband and, therefore, cannot be supplied pursuant to the Rules is unavailing. In a recent case, the District Court (Gertner, J.) rejected this exact claim. The court held that defense counsel in a child pornography case should be given copies of the alleged images of child pornography for viewing and analysis by counsel and an expert. *United States v. Frabizio*, 341 F.Supp.2d 47, 51 (D.Mass. 2004). Counsel should not be required to prepare his case at the Office of the Postal Inspector.

5. **Notice of Witnesses.**

   **Defendant's Request:**

   *Notice of intent to call witnesses in which aspects and areas of this case (although subsequent identification of specific witnesses would be requested at a later time).*

   **Government's Response:**

   *The government has not yet determined what witnesses it will call at trial. The government will provide information on its witnesses in the time frame set forth by the Local and Federal Rules.*

   **Argument:**

   Local Rule 117.1(8)(a) provides that the government shall, at least seven days prior to trial, provide the defendant with the names and addresses of its witnesses. The local rule establishes merely an absolute minimum. In the circumstances of this case, it would be unreasonable to require the defendant to conduct much of his preparation for trial in the week prior to trial. The defendant therefore requests that the government provide the information required by Local Rule 117.1(8)(a) at least thirty days prior to trial.

6. **Notice of Examinations and Test.**

   **Defendant's Request:**

   *Notice of all examinations and tests.*

   **Government's Response:**

   *The government objects to this request pursuant to Local Rule 116.3(D), to the extent that it requests material required to be provided by Local Rule 116.1. To the extent available at this time, this information has been provided previously, in the automatic discovery letter. If additional examinations and/or tests are done, the government will provide the required materials at the appropriate time.*

**Argument:**

Based on the government's representation that all information of examinations and tests has been provided, the defendant merely requests that, should additional examinations or tests be performed, the government should provide the information regarding those tests or examinations **immediately**.

## CERTIFICATION

Undersigned counsel certifies, pursuant to Local Rule 116.3(F), that a good faith attempt was made to eliminate or narrow the issues raised in the motion through a conference with opposing counsel.

## REQUEST FOR HEARING

The defendant respectfully requests that the Court schedule a hearing on this motion.

> Respectfully submitted,
> **DANIEL KAMEN**
> By his attorney,
>
> /s/ Charles W. Rankin
> _____
> Charles W. Rankin, BBO #411780
> Rankin & Sultan
> 151 Merrimac Street
> Boston, MA 02114
> (617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 6, 2006.

        /s/ Charles W. Rankin

        _____
        Charles W. Rankin

**From:** Peter Elikann <peter@elikann.com>
**Date:** Wed May 25, 2005  6:59:08 AM US/Eastern
**To:** Dena.Sacco@usdoj.gov
**Subject:** discovery on Dan Kamen case

Dena--

These are just a very few things that would be needed to complete discovery:

1. Concerning the age of the victims, specifically, how the government intends to prove it whether by actual knowledge, Tanner or through other medical/science experts.

   1a. If it is through actual knowledge, then there would be a request for ages, dates, names, etc.

2. A bill of particulars showing the steps made to order and conduct the controlled delivery of the tape (e.g. from what Maryland post office it was sent, how it was delivered whether through the mail or by a separate hand-delivery system from Maryland to Massachusetts, etc.)

3. Information concerning how many generations of videotape (i.e. is it a copy of a copy of a copy?).

   3a. A related motion for a copy of the videotapes for defense experts to do independent evaluations and tests to determine this.

4. A tape copy will also be needed by defense for its experts to determine potential Daubert issues of whether the images are accurate real images or have been morphed or altered in any way.

5. Notice of intent to call witnesses in which aspects and areas of this case (although subsequent identification of specific witnesses would be requested at a later time)

6. Notice of all examinations and tests.

7. Brady material.

                              Peter Elikann

EXHIBIT ONE



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                United States Courthouse, Suite 9200
                                                1 Courthouse Way
                                                Boston, Massachusetts 02210

June 6, 2005

Peter Elikann
93 Beacon Street
Boston, MA 02108

     Re:  United States v. Daniel Kamen
          <u>Criminal No. 04-10384</u>

Dear Mr. Elikann:

    This is in response to your e-mail message of May 25, 2005, requesting additional discovery in the above-captioned matter. For the sake of clarity, I will list each item as you did in your e-mail.

1.    How the government intends to prove the ages of the victims.

    The government objects to this request to the extent that the information requested is not required to be produced by the local or federal rules, or relevant case law. That being said, the government intends to prove at trial that the individuals depicted in the three videos are under the age of 18 by introduction of the videos themselves to the jury. To the extent the government intends to call expert or any other witnesses in that regard, it will make the required disclosures at the appropriate times, as provided in the local and federal rules.

2.    A bill of particulars showing the steps made to order and conduct the controlled delivery.

    The government believes that the Indictment and automatic discovery are sufficient in this regard, and declines to provide a Bill of Particulars.

3.    Information concerning how many generations of videotape.

    The government objects to this request on the grounds of relevance and discoverability, and declines to provide the

**EXHIBIT TWO**

information requested.

3(a) & 4. Request for copy of the videotapes for defense experts to determine whether images are real and how many generations of videotape.

The government declines to produce a copy of the videotapes on the grounds that they contain contraband child pornography. As stated in the automatic discovery letter, the videotapes are available for inspection by defense counsel and his experts at the Office of the United States Postal Inspector. To the extent the defense wishes to file a motion seeking production of copies of the videotapes, the government will respond at that time.

5. Notice of Intent to call witnesses in which areas and aspects of this case.

The government has not yet determined what witnesses it will call at trial. The government will provide information on its witnesses in the time frame set forth by the Local and Federal Rules.

6. Notice of All Examinations and Tests.

The government objects to this request pursuant to Local Rule 116.3(D), to the extent that it requests material required to be provided by Local Rule 116.1. To the extent available at this time, this information has been provided previously, in the automatic discovery letter. If additional examinations and/or tests are done, the government will provide the required materials at the appropriate time.

7. Brady Material.

The government objects to this request pursuant to Local Rule 116.3(D), to the extent that it requests material required to be provided by Local Rule 116.1. The government has already provided the required information and materials in its automatic discovery, and will continue to provide any new exculpatory information of which it learns in the future.

Please be advised that as of mid-June I no longer will be the AUSA assigned to this case. Please address any future inquiries to AUSA Paul Moore at (617) 748-3100.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

*/s/ Dena T. Sacco*
Dena T. Sacco
Assistant U.S. Attorney
(617) 748-3304