# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.: 04-10384-PBS** |
| | ) | |
| **DANIEL KAMEN** | ) | |
| **Defendant** | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Memorandum in Response to Defendant DANIEL KAMEN's Motion for Discovery, filed with this Court on February 6, 2006 (and responds in kind to the Defendant's format for purposes of clarity of position).

**1. Information Regarding Age of Individuals Depicted**

The government does not contest that the defendant is entitled to a written summary of expert testimony that the government intends to use, pursuant to Fed. R. Crim. P. 16(a)(1)(G). The government plans to make the required disclosures at the appropriate times provided in the local and federal rules. The defendant's request for information about "how the government intends to prove" the age of the victims amounts to a request for the prosecution's trial strategy, and requiring the government to provide this information expands the government's discovery obligations beyond precedent and the local rules. United States v. Carpenter, No. 04-CR-10029-GAO, 2005 WL 3475694 at *9-10 (D. Mass. Dec. 15, 2005). Divulgence of the prosecution's trial strategy as a part of discovery "is not the state of the law concerning criminal discovery,

which attempts to accommodate the defendant's right to a fair trial within the context of the traditional adversary process." Id. at *11 (citing United States v. Bagley, 473 U.S. 667, 675 (1985). The government plans to provide information regarding expert testimony to the defendant at the appropriate time, but believes the defendant is not presently entitled to the provision of information that amounts to part of its trial strategy.

## 2.  Bill of Particulars Regarding Delivery of the Tapes

The government recognizes that in certain circumstances it is necessary to furnish the defendant with a bill of particulars so that the defendant can meet the charges against him and avoid being surprised by the production of evidence for which he is unprepared at trial. The government believes, however, that the indictment and automatic discovery provide sufficient information about the  particular acts committed by the defendant and intended to be relied upon as constituting the offense charged. The decision to require the prosecution to provide the defense with a bill of particulars is within the discretion of the court. United States v. RW Professional Leasing Services Corp., 317 F. Supp. 2d 167 (E.D.N.Y. 2004). Since a bill of particulars may restrict how the government may present its case at trial, the question when a court determines whether a defendant is entitled to a bill of particulars is not whether the information sought would be beneficial to the defendant, but whether it is necessary for his defense. United States v. Diaz, 303 F. Supp. 2d 84 (D. Conn. 2004). If the defendant has been given adequate notice of the charges against him, the government is not required to provide additional details about the case. United States v. Marcus, 193 F. Supp. 2d. 552 (E.D.N.Y. 2001).

Because the indictment and automatic discovery in this case provide more than sufficient

-2-

information (as required by law) to advise the defendant of the specific acts of which he is accused, the government believes it is not obligated to provide an additional bill of particulars.

**3.  Information Regarding the Tapes**

The government objects to the defendant's requests for information regarding the "generations" of videotape on the grounds of lack of relevance and discoverability.  The government does not have this information, and does not believe it to be relevant to the case. While the Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), found that banning virtual child pornography (computer generated images) is unconstitutional, recent case law has held that whether a picture or video portrays a real or computer-generated minor is not the end of the inquiry in determining whether a defendant has engaged in criminal activity.  United States v. Marchand, 308 F. Supp. 2d 498, 510 (D. N.J. 2004).  The question at hand is the appearance of the images, and whether a defendant was aware of a high probability that a picture or video depicts real minors and deliberately ignored the truth. Id.  For this reason, the appearance of the children on the tapes - that is to say, whether they appear to be *real children* - is relevant to the defendant's case while the determination of whether the tapes may have been manipulated over generations of copying is not.

**4.  Copies of the Tapes**

The government has agreed to provide a copy of the videotapes for defense experts and anticipates doing so within the coming week and subject to a Protective Order the government will be submitting to this Court.  Importantly, defense counsel has had occasion on which to view and examine the video tape (although that tape remains in the custody of the United States Postal Inspection Service).  At no time has defendant *not* had occasion to further examine or

have his expert (if any) view and examine the video tape.

**5.  Notice of Witnesses and Notice of Examinations and Tests**

The government has not yet determined the witnesses it will call at trial and has provided

all information regarding notice of examinations and tests previously.  Once the government

determines what witnesses it will call, and if the government receives additional test results, the

government will provide the defendant with this information according to the time limits

prescribed in the local and federal rules.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  /s/ Paul R. Moore
Paul R. Moore
Assistant United States Attorney

Date: February 8, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorneys for
defendant DANIEL KAMEN, on February 8, 2006, via electronic filing.

/s/ Paul R. Moore
Paul R. Moore
Assistant United States Attorney