```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

Criminal No. 04-10384-PBS

```
               UNITED STATES OF AMERICA

                          v.

                     DANIEL KAMEN
```

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR DISCOVERY**
<u>**(DOCKET ENTRY # 31)**</u>

**February 13, 2006**

**BOWLER, U.S.M.J.**

As stated at today's hearing on the above styled motion for discovery (Docket Entry # 31), the deadline for expert disclosure is set for 60 days prior to a firm trial date. Any motion to suppress must be filed on or before March 17, 2006. Defendant Daniel Kamen ("the defendant") no longer wishes to press items four and six thereby rendering these items moot. Defense counsel also indicated at today's hearing that he would address item five with the district judge. Items two and three therefore remain outstanding.

As to item two, the defendant seeks a bill of particulars showing how the tape[1] was delivered and the steps along the way in order to support the general statement in Count One regarding the statute's requirement of interstate commence. <u>See</u> 18 U.S.C. § 2252(a)(2) (prohibiting any person from receiving or

---

[1] The request is for "the tape" as opposed to "tapes."

distributing "any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce"). The government asserts that the Indictment and the discovery to date are more than adequate to provide the defendant notice of the charge in Count One.

"The function of a bill of particulars is to provide the defendant with the necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy."  United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992); accord United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); see also Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Haas, 583 F.2d 216 (5th Cir. 1978).  A bill should only be granted, however, when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78 F.R.D. 591, 599 (E.D.Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required when indictment so general by failing to advise defendant of specific acts accused).

The defendant maintains that it would amount to an unfair surprise at trial if the government did not further articulate the interstate commerce element.  In order to avoid surprise, item two in the motion is **ALLOWED** only to the extent that the government is directed to advise the defendant or provide him with adequate discovery of the location of the interstate mailing

or shipment or transportation of the tape at issue no later than 30 days prior to a firm trial date.

Turning to item three, the request is **DENIED** for reasons stated by the government in its response (Docket Entry # 32) and at the February 13, 2006 hearing.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge