UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10384-PBS

_____

UNITED STATES

v.

DANIEL KAMEN

_____

**DEFENDANT'S REPLY TO
GOVERNMENT'S RESPONSE TO
MOTION TO SUPPRESS**

**I.    THE APPLICATION AND AFFIDAVIT DID NOT SUPPORT A FINDING OF PROBABLE CAUSE TO BELIEVE THAT THE VIDEOTAPES AND MAILING BAG WERE THEN LOCATED AT 82 BRICK KILN ROAD.**

The government suggests that, at the time the warrant was applied for and issued, there was probable cause to believe that some items listed in Schedule A, such as telephone bills, were located at Mr. Kamen's residence. This simply ignores the key issue here, the fact that the application and warrant both stated that the videotapes and mailing bag were "now concealed" at 82 Brick Kiln Road, when this was **known not to be true**.

The government seems to believe that, as long as there was probable cause for **any** of the items listed on the warrant, the warrant was valid in its entirety. This is simply not the state of the law. *See*, *e.g.*, *United States v. Diaz*, 841 F.2d 1, 4-5 (1988). If there is no probable cause for an item listed in the search warrant, its seizure is invalid, and cannot be cured by the presence of probable cause for another item in the warrant. The provisions of a warrant that authorized, for example, "all evidence of any crimes" would not be cured by the inclusion of a provision for

"telephone and utility bills."  Indeed, when the valid portion of a warrant is "a relatively insignificant part" of the warrant as a whole, even items for which probable cause existed must be suppressed. *United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995).  Consequently, the videotapes, the mailing bag, and any fruits of the seizure of those items, including the defendant's oral and signed statements, must be suppressed.


## II.    THE TRIGGERING CONDITION WAS NOT SET OUT WITH THE NECESSARY SPECIFICITY IN THE WARRANT, THE APPLICATION, OR THE AFFIDAVIT.

In addition to arguing that probable cause supported the warrant at the time it was issued, the government chooses to defend the warrant as an anticipatory warrant.  This effort is equally misguided.  As argued in the defendant's Memorandum of Law, the warrant is simply not an anticipatory warrant, in form or effect.  Further, even if it is construed as an anticipatory warrant, it is invalid.  *United States v. Ricciardelli*, 998 F.2d 8 (1st Cir. 1993), requires that anticipatory warrants set out triggering conditions that are "explicit, clear, and narrowly drawn so as to avoid misunderstanding or manipulation by government agents."  *Id.* at 12, *quoting United States v. Garcia*, 882 F.2d 699, 703-704 (2d Cir. 1989).  This requirement was not imposed as a necessary consequence of the particularity clause, but rather as a practical safeguard against abuse or misuse, as part of the probable cause analysis.  *See Garcia*, 882 F.2d at 703-704 (explaining reasons for requiring explicit triggering condition).  While it is not necessary that the triggering condition appear on the face of the warrant itself, it must appear somewhere in the application, the affidavit, or the warrant.

The government argues that there was a "clear commonsense triggering condition: the

controlled delivery of the tapes." *Government's Memorandum of Law in Response* at 7. The government neglects, however, to point to any place in the documents where this condition was specified, for the simple reason that **this condition was never stated in the application, affidavit, or warrant.** At best, the government points to two separate sentences in the affidavit that discuss the controlled delivery, and suggests that when "combine[d]," they establish a triggering condition. This is a far cry from the kind of condition approved in cases such as *United States v. Gendron*, 18 F.3d 955, 965 (1st Cir. 1994), where the warrant said that execution would occur "after delivery by mail to and receipt by" the defendant. There is no statement anywhere in the application, affidavit, or warrant in this case that the warrant would be executed "only after the controlled delivery of videotapes has been completed." The government may not re-write the affidavit after the fact to include an explicit triggering condition, no matter how logical, that simply was not there.

## III.    THE SUPREME COURT'S DECISION IN *GRUBBS* DOES NOT DEFEAT MR. KAMEN'S CLAIMS.

After Mr. Kamen filed his motion to suppress, the Supreme Court issued an opinion in *United States v. Grubbs*, --- S.Ct. ----, 2006 WL 693453 (2006). This decision arguably precludes two of the defendant's arguments: that the execution of the warrant was invalid as the triggering condition did not appear on the face of warrant and the affidavit was not shown to Mr. Kamen at the time of execution; and that all anticipatory warrants are unconstitutional. The Supreme Court's decision does not, however, affect the two substantive claims reiterated above: that the warrant was a regular warrant, not an anticipatory warrant, and that probable cause was lacking for its issuance; and that, even if the warrant were construed as an anticipatory warrant, any triggering condition was

not specified with the clarity required by *Ricciardelli* and *Gendron*.

The Supreme Court's decision did not, and could not, affect the analysis of probable cause for a non-anticipatory warrant, as the warrant in *Grubbs* was labeled an "ANTICIPATORY SEARCH WARRANT." *See United States v. Grubbs*, 377 F.3d 1072, 1074 (9th Cir. 2004). In the same way, the Supreme Court's decision could not alter the analysis of whether a triggering condition can be inferred from various sentences in an affidavit, as the triggering condition in *Grubbs* was explicitly set out in the affidavit: "Execution of this search warrant will not occur unless and until the parcel has been received by a person(s) and has been physically taken into the residence." *Grubbs*, 2006 WL at *2.

The government seemingly suggests, in its *Memorandum of Law in Response*, that the Supreme Court's decision in *Grubbs* eliminates the requirement of *Gendron* and *Ricciardelli* that the triggering condition be set out with clarity. *See Government's Memorandum of Law in Response* at 6-7. This is not the case. *Grubbs*' rejection of the lower court's opinion addresses only the particularity clause of the Fourth Amendment, not the probable cause requirement. Indeed, the Supreme Court cites to *Garcia* in support of the notion that "The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination." *Grubbs*, 2006 WL at *4, *citing Garcia*, 882 F.2d at 703. As noted above, *Garcia* was the basis for the First Circuit's adoption of the requirement that the triggering condition be "explicit, clear, and narrowly drawn."[1] The First Circuit's requirement that a triggering condition be

---

[1]    In its Brief to the Supreme Court in *Grubbs*, the government noted that *Ricciardelli* "rested, not on the Fourth Amendment's particularity requirement, but on its requirement of probable cause." *See* Exhibit 1 at *26. It therefore cannot now take the position that the Supreme Court's decision in *Grubbs* rejecting the applicability of the particularity clause to triggering conditions overrules *Ricciardelli*'s requirement that the condition be clearly and explicitly drawn.

set out somewhere in a clear and explicit fashion was not overruled, directly or indirectly, by *Grubbs*.

## VII.    CONCLUSION.

For the reasons stated above, the fruits of the officer's unlawful search of Mr. Kamen's residence should be suppressed.  The search warrant was a regular, non-anticipatory warrant that rested on a finding that there was probable cause to believe that the videotapes and the mailing bag were then concealed at 82 Brick Kiln Road, when this was known not to be true.  Even if the warrant is construed as an anticipatory warrant, the absence of a clear and explicit statement of the triggering condition anywhere in the application, the affidavit, or the warrant requires suppression under First Circuit precedent.

Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,

/s/ Charles W. Rankin
_____
Charles W. Rankin, BBO #411780
Jonathan Harwell, BBO #662764
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 5, 2006.

/s/ Charles W. Rankin
_____
Charles W. Rankin

No. 04-1414

# In the Supreme Court of the United States

UNITED STATES OF AMERICA, PETITIONER

*v.*

JEFFREY GRUBBS

*ON WRIT OF CERTIORARI*
*TO THE UNITED STATES COURT OF APPEALS*
*FOR THE NINTH CIRCUIT*

## BRIEF FOR THE UNITED STATES

PAUL D. CLEMENT
  *Solicitor General*
    *Counsel of Record*
ALICE S. FISHER
  *Assistant Attorney General*
MICHAEL R. DREEBEN
  *Deputy Solicitor General*
DAN HIMMELFARB
  *Assistant to the Solicitor*
  *General*
ELIZABETH A. OLSON
  *Attorney*

  *Department of Justice*
  *Washington, D.C. 20530-0001*
  *(202) 514-2217*

EXHIBIT ONE

26

der for an anticipatory warrant to satisfy the probable cause standard it must demonstrate that contraband is on a 'sure course' to the destination to be searched."), cert. denied, 520 U.S. 1169 (1997).  The First Circuit also said that "it is the triggering condition of [the defendant's] receipt of the videotape at home" that eliminates the possibility that he was "a runner for some other person, or simply an internuncio," thereby "producing probable cause to believe that [he] is a collector of child pornography and, hence, that his residence likely contains evidence of his criminality." 998 F.2d at 14.

*Ricciardelli* therefore rested, not on the Fourth Amendment's particularity requirement, but on its requirement of probable cause.  It is not clear from the opinion whether a more specific triggering condition, tied to the defendant's receipt of the contraband at his home, was set forth in the supporting affidavit, and even if it was, the search, in fact, did not take place after the defendant received the package at his home.  Accordingly, *Ricciardelli* is consistent with the view, held by the five courts of appeals that reject the Ninth Circuit's rule, see note 15, *infra*, that suppression is not required when a proper triggering condition is set forth in the affidavit and the search occurs after the condition is satisfied.

In *Gendron*, too, the triggering event, which was "virtually identical" to the one at issue in *Ricciardelli*, 18 F.3d at 966, was described in the warrant itself.  *Id.* at 965.  Unlike the defendant in *Ricciardelli*, however, the defendant in *Gendron* apparently received the contraband at home.  *Id.* at 967.  And in contrast to its conclusion in *Ricciardelli*, the First Circuit in *Gendron* held that suppression was not appropriate, *id.* at 964-967, because the triggering event was described with "suffi-