UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 04-10384-PBS |
| v. | ) | |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S REPLY TO
GOVERNMENT'S RESPONSE TO MOTION TO SUPRESS**

The United States of America, by and through its attorneys, United States Attorney

Michael J. Sullivan and Assistant United States Attorney and Paul R. Moore, hereby files this

Reply to Defendant's Reply as an allowed supplement to the arguments heard in this matter by

the court on April 10, 2006.

**I.      A Plain Reading of the Warrant and Its Supporting Documents Shows That the
Warrant Was Issued Upon Probable Cause and With Sufficient Particularity.**

The Defendant continues to attempt to construct a case out of technicalities.  In his

original motion, the Defendant argued that the affidavit cannot cure any defect in the warrant

itself – namely, the lack of a triggering condition.  See Defendant's Memorandum of Law in

Support of Defendant's Motion to Suppress, at pages 12-15 (Mar. 17, 2006).  Since then, the

Supreme Court in Grubbs made it clear that such a technical requirement is at odds with the

plain language of the 4th Amendment which only requires that the place to be searched and

items to be seized be specified with particularity.  See United States v. Grubbs, -- S.Ct. ----, 2006

WL 693453, at *5 (2006).   Furthermore, the triggering condition is quite precisely specified in

the affidavit in the final paragraph (paragraph no. 27 states that "Based on the foregoing, I have

probable cause to believe that there currently is, and after delivery of the above described

videotapes will be, evidence of violations of Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B)….").

Without the particularity argument, the Defendant now focuses on probable cause. He argues that the warrant could not be valid as an ordinary warrant because two of the six categories of items listed in Schedule A were not in fact "now concealed" at the Defendant's residence at the time the warrant was issued. See Defendant's Reply to Government's Response to Motion to Suppress, at page 1 (Apr. 5, 2006).

The Defendant's attempt to characterize the warrant in this case as an "ordinary" warrant, however, is again in conflict with Grubbs. In Grubbs, the Court clarified that technical categories are unimportant, and in fact, implausible. Plain requirements are the essence of the 4th Amendment: "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Because the probable cause requirement looks to whether evidence will be found *when the search is conducted*, all warrants are, in a sense, 'anticipatory.'" Grubbs, 2006 WL, at *3. In this case, the warrant had both anticipatory and ordinary elements as made clear in the affidavit. The investigation carried out by Postal Inspector Kelley was thorough and complex – certain aspects of it had concluded while others were ongoing. The Defendant's attempt to categorize this warrant as either ordinary or anticipatory is the root of his confusion. It is both.

It has long been accepted that warrants and their supporting documents should be read, "not 'hypertechnically,' but in a 'commonsense' fashion." United States v. Gendron, 18 F.3d 955, 966 (1st Cir. 1994) (citing United States v. Ventresca, 380 U.S. 102, 109 (1965)). The proper way to analyze whether a warrant is supported by probable cause is to look at the "totality

of the circumstances" presented by the affidavit.  See United States v. Beckett, 321 F.3d 26, 31 (1st Cir. 2003).

A commonsense reading of Inspector Kelley's affidavit would make it clear to any reasonable reader that four of the six items listed in the warrant were already likely present at the Defendant's residence: (1) documents used by the Defendant to procure videos from YBCVIDS, (2) documents relating to the use of a credit card to purchase Internet access, (3) visual depictions of minors engaged in sexually explicit conduct and (4) records evidencing occupancy or ownership of the premises to be searched.  These four items were and are, independently of the videos, evidence of crimes as stated in the Government's initial Response.  The affidavit also made it clear that two of the six items, the videos and their packaging, would likely be present at the Defendant's residence once Inspector Kelley supervised their delivery.

The magistrate judge who issued the warrant understood this clear, if complex, situation. He could have issued a search warrant for the first four items alone, allowing a search at any time following issuance of the warrant.  He could have done the same for the latter two items, allowing a search following delivery of the two videos.  Instead he chose, reasonably, to combine the two into one warrant.  In doing so he used a pre-produced form that contained the typed phrase "now present" and applied it to the videos and their packaging in addition to the first four items.  This is admittedly inaccurate.  The Defendant, however, seizes on this misstatement and attempts to make a case out of it.  See Defendant's Reply, at page 1.

Despite the Defendant's arguments, however, this technical misstatement does not demonstrate a lack of probable cause.  It simply demonstrates the lack of a search warrant form readily able to handle the nuances of this investigation.  Inspector Kelley's affidavit, however, portrays these nuances and establishes the necessary probable cause for each item listed in

Schedule A.  As a result of a full reading of the affidavit, Magistrate Judge Cohen found that there was probable cause; thus, his finding should be accorded "great deference."  <u>United States v. Grant</u>, 218 F.3d 72, 74 (1st Cir. 2000).  Minor defects in the warrant form cannot undermine this finding, as in this matter.

During the hearing on this motion, the Defendant cited <u>United States v. Vigneau</u>, 187 F.2d 70 (1st Cir. 1999) in support of his argument against a finding of probable cause.   This case, however, directly supports the government's position that probable cause existed for execution of this warrant *both* before and after delivery of the tapes.  In <u>Vigneau</u>, the defendant argued that the fruits of a search of his house and van should have been suppressed because the warrant on its face was an ordinary warrant while the affidavit included "triggering" language that implied the warrant would only be executed after delivery of a package containing drugs. <u>Id.</u> at 79-80.  The court, instead of analyzing this claimed inconsistency between the ordinary face of the warrant and the anticipatory implications of the affidavit, simply found that probable cause existed for the search prior to any "triggering" condition and therefore the warrant was supported by probable cause since the moment it issued.  <u>Id.</u> at 80.

The court further noted that the affidavit relied upon by the magistrate judge contained enough information to support a finding of probable cause that evidence of a crime was already present at the defendant's address even without the additional delivery of the package containing drugs.  <u>Id.</u>  <u>The same is true in the present case</u>.  Inspector Kelley's affidavit contains more than enough information to link the Defendant and his residence to the two specified crimes and therefore probable cause for the warrant existed at the time it was issued.

The Defendant also claims that the warrant should be found invalid as the affidavit lacks an "explicit, clear, and narrowly drawn" triggering condition.  <u>Defendant's Reply</u>, at page 2.

And yet, as pointed out above, a majority of the items to be seized required no triggering condition as they were likely already present at the time the warrant was granted.  In addition, for the two items that were not already likely at the Defendant's residence, the affidavit did provide an "explicit, clear, and narrowly drawn" triggering condition – the delivery of the tapes to the Defendant's residence.

The Defendant argues that the 4th Amendment embodies a technical requirement that a specific word formulation be included in an affidavit as a triggering condition.  Something like: "The following is the triggering condition."  The Defendant is correct in stating that a triggering condition is required "so as to avoid misunderstanding or manipulation by government agents." Id.  His error is in assuming that this cannot be accomplished as it was in this case.  As detailed in the Government's initial Response, Inspector Kelley made it very clear that the tapes would not be present at the Defendant's residence until they were delivered, a delivery that he would control.  No other interpretation was possible.  Therefore the condition was "explicit, clear, and narrowly drawn."

The Defendant points to United States v. Riciardelli.  Yet in that case, the affidavit was not clear or explicit as it left out the possibility that the tapes might be delivered to the post office and not to the residence to be searched.  998 F.2d 8, 13-14 (1st Cir. 1993).  Thus, there was insufficient nexus between the place to be searched and the evidence to be found.  Id.  In the present case, however, such a nexus did exist as Inspector Kelley detailed in his affidavit that he would oversee the delivery of the tapes to the Defendant's residence himself.

## II.    Even If The Form of the Warrant Was Not Proper, Exclusion of All the Evidence is Not the Proper Remedy

Furthermore, despite the Defendant's arguments, no fruits of the search of Mr. Kamen's residence should be suppressed if it is clear that Inspector Kelley was acting reasonably in good

faith.  <u>United States v. Diaz</u>, 841 F.2d 1 at 5-6 (1st Cir. 1998).  In that case, the First Circuit found that when an agent "prepared an affidavit which was … approved by a magistrate," based on an investigation in which the agent had participated, that he "was entitled to believe, as the magistrate implicitly found, that he had set forth enough information in the affidavit to support the search he wished to conduct."  <u>Id.</u> at 6.  To put it simply, would a "reasonably well trained officer … have known that the search was illegal[?]".  <u>Id.</u>  In this case, Inspector Kelley provided an affidavit that presented probable cause for an appropriate warrant.  Due to the complex nature of the partly completed, partly continuing investigation, creating an "appropriate" warrant was difficult.  The warrant he received had a minor flaw in the wording, much less severe than the error permitted in <u>Diaz</u>.  Inspector Kelley's reliance on the warrant was certainly reasonable and in good faith, and therefore, again, evidence resulting from the search should not be excluded.

**III.    Conclusion**

For the reasons stated above the Defendant's Motion to Suppress should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Paul R. Moore_____
Paul R. Moore
Assistant U.S. Attorney

April 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 13 2006.

/s/ Paul R. Moore

Paul R. Moore
Assistant U.S. Attorney

April 13 2006