```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )
        v.                          ) CRIMINAL ACTION NO. 04-10384-PBS
                                    )
DANIEL KAMEN,                       )
        Defendant.                  )
                                    )
```

**MEMORANDUM AND ORDER**

June 20, 2006

Saris, U.S.D.J.

### I. INTRODUCTION

Defendant Daniel Kamen, charged with unlawful receipt of child pornography, moves to suppress evidence obtained as a result of a search of his residence by a United States Postal Inspector on December 6, 2004. As grounds, he asserts that the application and affidavit in support of the search warrant did not support probable cause to believe that the videotapes of minors engaged in sexually explicit conduct and other evidence, like the mailing bag it was sent in, were located at Defendant's home. The government responds that the search warrant passes muster under the Fourth Amendment, regardless of whether it is considered an anticipatory warrant. After hearing and review of the briefs, the motion to suppress is **DENIED**.

## II. BACKGROUND

### A. <u>The Search Warrant</u>

On December 1, 2004, United States Postal Inspector Scott W. Kelley applied for a search warrant for Defendant's residence at 82 Brick Kiln Road, Chelmsford, Massachusetts on the basis of an attached affidavit. The application stated:

> I, Scott W. Kelley, being duly sworn, depose and say the following: I am a(n) <u>U.S. Postal Inspector</u> and have reason to believe that . . . (X) on the property or premises known as The residence of Daniel Kamen, located at 82 Brick Kiln Road, Building 10, Apartment 104, Chelmsford, Massachusetts in the District of Massachusetts <u>there is now concealed in a certain person or property</u>, namely . . . see Schedule A which is . . . property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, or other items illegally possessed, property designed for use, intended for use, or used in committing a crime concerning a violation of Title 18 United States Code, Section(s) <u>2252(a)(2) and (a)(4)(B)</u>. The facts to support a finding of probable cause are as follows: See attached affidavit

App. and Aff. for Search Warrant (Def's. Ex. 1) (emphasis added).

Schedule A, the list of property to be seized, reads:

> 1. Records, documents, correspondence, notes, and/or any other materials relating to contact via mail, courier, and/or computer by Daniel Kamen with <u>YBCVIDS@yahoo.com</u> and/or YBCVIDS, P.O. Box 176, Clear Spring, MD 21722.
>
> 2. One padded mailing bag addressed to Dan Kamen, 82 Brick Kiln Rd, Building 10, Apartment 104, Chelmsford, MA 01824 with a return address of YBCVIDS, P.O. Box 176, Clear Springs, MD 21722.

>3.   Three VHS videotape [sic], labeled "Kissing Cousins," "Boys will be Boys," and "Boys and Girls."
>
>4. Documents relating to the use of credit card number 51766900025660 to purchase Internet access in March, 2003.
>
>6. Any and all visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, in any format or media.
>
>8. Records evidencing occupancy or ownership of the premises to be searched, including, but not limited to, utility and telephone bills, mail envelopes, and/or addressed correspondence.

Schedule A (Def's Ex. 2).

The affidavit describes the investigation of defendant Daniel Kamen. See generally Kelley Aff. (Def's Ex. 3). Law enforcement officers investigating a company suspected of processing credit card transactions for subscriptions to child pornography websites obtained 16,000 records of customer transactions involving individuals in the United States. Id. at ¶¶ 11-12. The customer database indicated that Kamen had, on March 11, 2003, purchased "Internet access to sites known to contain child pornography" using a credit card. Id. at ¶ 13.

Postal inspectors then mailed a solicitation to Kamen's address, inviting him to become "a customer of one of the newest, best stocked companies when it comes to finding all of your video interests." Id. at ¶ 14. The solicitation included a list of different areas of interest. Id. Kamen responded by requesting

more information concerning videotapes with "Preteen-Boys" and "Young Teen-Boys." Id. at ¶ 15. When a postal inspector then mailed an order form along with a list of videos to Kamen, Kamen returned an envelope with an order for three such videos. Id. at ¶¶ 16-18. The list of videos mailed to Kamen described these videos as involving two 11-13 year old males; 8-16 year old males; and males and females about 12 years old. Id. at ¶ 18.

Kelley confirmed that Daniel Kamen was living and receiving mail at the address at 82 Brick Kiln Road, which had been used in the correspondence; and indicated that he would "oversee the controlled delivery of a padded mailing bag with $4.44 in postage," including the three videotapes, which depicted minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256. Id. at ¶¶ 23-26. He concluded:

> Based on the foregoing, I have probable cause to believe that there is, and after delivery of the above described videotapes will be, evidence of violations of Title 18, United States Code, Section 2252(a)(2) and (a)(4)(B) (receipt and possession of child pornography) located at the residence of Daniel Kamen, 82 Brick Kiln Rd, Building 10 Apartment 104, Chelmsford, Massachusetts 01824.

Id. at ¶ 27 (emphasis added). That day, Magistrate Judge Cohen issued the warrant at 1:55 p.m. The search warrant (Def's Ex. 4) similarly misstates that the magistrate judge found probable cause to believe that the evidence is "now concealed" at the residence. The warrant did not contain an explicit triggering condition.

4

**B.   Controlled Delivery of Package Containing Pornographic Videotapes and Subsequent Search**

The ordered pornographic videotapes were delivered to Defendant through a controlled delivery on December 6, 2004. Case Summ. Report (Def's Ex. 5) at 1. Defendant picked up the package containing the videotapes from his delivery connection box and returned to his residence. Id. The search warrant was executed five minutes after Defendant returned to his residence with the package containing the videotapes. Id. Inspector Kelley knocked and announced himself and provided the defendant with the search warrant and informed the Defendant of the items to be seized. Mem. of Interview (Def's Ex. 6) at 1. A letter from the undercover postal operation, a receipt for rent, three videos, a mailing bag, pictures of minors, and a digital camera were seized from the Defendant's residence. Case Summ. Report (Def's Ex. 5) at 2. Defendant also made various statements and gave a signed statement following the execution of the search warrant on his residence. Id. at 1-2.

### III. DISCUSSION

Defendant argues that the application and attached affidavit fail to provide probable cause because Inspector Kelley mis-states that "there is now concealed a certain person or property" at the Defendant's residence. The three pornographic videotapes mailed and delivered by the undercover operation were not present at the time the search warrant was signed on December 1, 2005.

In response to the argument that this was a valid anticipatory search, defendant contends that neither the search warrant nor the application and affidavit contain any reference to an explicit triggering condition that must occur before the warrant can be executed.

Four days after the initial brief was filed by Defendant, the Supreme Court issued an opinion clarifying the standards for anticipatory search. See United States v. Grubbs, 126 S. Ct. 1494 (2006). "An anticipatory warrant is 'a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place.'" Id. at 1498 (quoting 2 W. LaFave, Search and Seizure § 3.7(c), p. 398 (4th ed. 2004)). The Supreme Court set forth a two-pronged test:

> [F]or a conditioned anticipatory warrant to comply with the Fourth Amendment's requirement of probable cause, two prerequisites of probability must be satisfied. It must be true not only that *if* the triggering condition occurs "there is a fair probability that contraband or evidence of a crime will be found in a particular place," [Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed 2d 527 (1983)], but also that there is probable cause to believe the triggering condition *will occur*. The supporting affidavit must provide the magistrate with sufficient information to evaluate both aspects of the probable-cause determination. See [United States v. Garcia, 882 F.2d 699, 703 (2d Cir. 1989)].
>
> In this case, the occurrence of the triggering condition -- successful delivery of the

> videotape to Grubbs' residence -- would plainly establish probable cause for the search. In addition, the affidavit established probable cause to believe the triggering condition would be satisfied. Although it is possible that Grubbs could have refused delivery of the videotape he had ordered, that was unlikely. The Magistrate therefore "had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-239, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (quoting Jones v. United States, 362 U.S. 257, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960)).

Id. at 1500.

Reversing the Ninth Circuit, the Supreme Court held that "the Fourth Amendment does not require that the triggering condition for an anticipatory search warrant be set forth in the warrant itself." Id. at 1501. If a search warrant is executed before the triggering condition is completed, the search is unsupported by probable cause. Id. at 1500. The Supreme Court further explained:

> If the government were to execute an anticipatory warrant before the triggering condition occurred, there would be no reason to believe the item described in the warrant could be found at the searched location; by definition, the triggering condition which establishes probable cause has not yet been satisfied when the warrant is issued.

Id. at 1499.

The application meets the two-part test in Grubbs for probable cause to believe that Kamen committed a crime and that evidence of the offense would be found at the place to be

7

searched after the delivery of the videotapes. See United States v. Beckett, 321 F.3d 26, 31 (1st Cir. 2003) (quoting United States v. Zayas-Diaz, 95 F.3d 105, 110-11 (1st Cir. 1996)). The "contraband must be on a sure and irreversible course to its destination" for there to be probable cause that certain evidence of the offense will be found at the place to be searched. United States v. Ricciardelli, 998 F.2d 8, 12 (1st Cir. 1993). There was a fair probability that the package containing the three videotapes was on a sure course to delivery to the defendant's residence. Compare Ricciardelli, 988 F.2d at 13 (holding the standard for an anticipatory warrant to be a sure and irreversible course of delivery and finding the warrant invalid due to the condition of delivery to be to the defendant's personal receipt of the video, not delivery to the residence to be searched), with United States v. Zygarowski, 724 F. Supp 1052, 1058-59 (D. Mass. 1989) (holding that where the "package would be 'placed for delivery to the defendant at the residential address'" by an undercover postal inspector, "Magistrate Ponsor did not err in finding the issuance of the warrant valid"). Probable cause existed for an anticipatory warrant due to the presence of a valid triggering condition, completed before the search occurred, and a sure course of the package to delivery. See Grubbs, 126 S. Ct. at 1500.

    Here, Defendant argues that the triggering condition was not expressly specified within the affidavit, the warrant application

or the warrant itself.  The affidavit must be read "in a practical, common-sense fashion and accord[ed] considerable deference to reasonable inferences the [issuing judicial officer] may have drawn from the attested facts."  <u>Beckett</u>, 321 F.3d at 31 (quoting <u>United States v. Barnard</u>, 299 F.3d 90, 93 (1st Cir. 2002)).  Inspector Kelley concluded in the affidavit accompanying the warrant application and referred to in the actual warrant that he "ha[s] probable cause to believe that there is, <u>and after delivery of the above described videotapes will be</u>, evidence . . . located at the residence" of the defendant.  Kelley Aff. ¶ 27 (emphasis added).  Under a common-sense reading of the affidavit, the triggering condition for a search for the videotapes and mailing bag is plain and explicit.  <u>See</u> <u>United States v. Gendron</u>, 18 F.3d 955, 964-7 (1st Cir. 1994) (holding that the triggering condition, routine delivery and being taken into the residence, from the supporting affidavit for the search warrant was not fatally flawed when read in a commonsense manner).

In any event, as the government points out, the search warrant could be considered a chimera with two distinct components.  Thus, even if this triggering condition were not sufficiently explicit for the anticipatory warrant to be valid, the affidavit provided probable cause to believe that other items of evidence listed in Exhibit A (#1, #4, #6, and #8) were present in the residence independent of the controlled delivery at the time the warrant was issued.

## IV. ORDER

Defendant's motion to suppress (Docket No. 36) is **DENIED**.

                                            **S/PATTI B. SARIS**
                                          United States District Judge