# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
              v. )      CRIMINAL NO. 04-10384-PBS
)
DANIEL KAMEN, )
          Defendant. )

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the government hereby submits its requests for jury instructions in the captioned matter.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and developments at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney
(617) 748-3100

June 30, 2006

**<u>Certificate of Service</u>**

I hereby certify that a true copy of this document was served upon counsel for the defendant via electronic notification on June 30, 2006.

<u>/s/ Paul R. Moore</u>
Paul R. Moore
Assistant U.S. Attorney

## **TABLE OF CONTENTS**

Instruction No.

1       Function of the Jury

2       Presumption of Innocence; Burden of Proof; Reasonable Doubt

3       Direct and Circumstantial Evidence; Inferences

4       Credibility of Witnesses

5       Credibility -- Prior Inconsistent Statements

6       Expert Testimony

7       Punishment

8       "On or About"

9       Proof May be Disjunctive

10      Stipulations of Fact

11      Indictment

12      Indictment -- Count One

13      Receipt

14      Minor

15      Sexually Explicit Conduct

16      Knowledge

17      Proof of Knowledge

18      Undercover Operations

19      Entrapment

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
(Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charge the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crime with which the defendant has been charged or the consequences of your verdict. Instead you must confine your deliberations to the evidence and to nothing but the evidence.

Sources: See Edward J. Devitt et al., Federal Jury Practice and Instructions, §10.01 (4th ed. 1990); see also First Circuit Pattern Jury Instructions (Criminal) §3.01 (1998).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 2</u>
(Presumption of Innocence; Burden of Proof; Reasonable Doubt)

This is a criminal case in which the United States has charged the defendant with committing a crime. Like every criminal case, the defendant here is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendants' guilt with respect to every element of the offense.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crime charged. This burden of proof rests upon the United States and it never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is a doubt based on reason and common sense.

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty. Thus, the law does not require that the United States prove its case to the

5

same degree of certainty that you have that when you add two plus two you get four.  As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Sources: Federal Judicial Center, Pattern Criminal Jury Instructions, 28 (1988); United States v. DeVincent, 632 F.2d 147, 152-153 & n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir. 1984), cert. denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987); United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir.), cert. denied, 490 U.S. 1027 (1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989);  see First Circuit Pattern Jury Instructions (Criminal) §3.02 (West 1998).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 3</u>
(Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial.  That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses.  Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference?  Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Drawing inferences is something you do every day.  Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence.  Any inference which you draw from such facts must be a reasonable and natural one and not merely conjecture or guesswork.

7

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades you beyond a reasonable doubt that the defendant is guilty of the offense alleged in the Indictment.

Sources: United States v. Clifford, 979 F.2d 896, 897-98 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992); see First Circuit Pattern Jury Instructions (Criminal) §§ 3.04, 3.05 (West 1998).

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 4</u>
(Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses. What do I mean by credibility? That is simply another word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified. You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you. You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying? Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility. I can suggest to you, however, some of the things that you should look at in making that judgment. You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over. You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You

9

should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony. The list is not exhaustive. It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

Sources: <u>United States v. Hardy</u>, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.); <u>see also</u> Edward J. Devitt Et Al., <u>Federal Jury Practice and Instructions</u>, § 15.01 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

(Credibility -- Prior Inconsistent Statements)


You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.


Source: Eleventh Circuit Pattern Jury Instructions, Criminal Cases, §6.2 (West 1997).

11

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6
(Expert Testimony)

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Sources: See Edward J. Devitt et al., Federal Jury Practice and Instructions §14.01 (4th ed. 1990); see also First Circuit Pattern Jury Instructions (Criminal) § 2.06 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
(Punishment)

If the defendant is found guilty, it will be my duty to decide what his punishment will be.

You should not be concerned with punishment in any way.   It should not enter into your

consideration or discussion.

Source: <u>Fifth Circuit Pattern Jury Instructions (Criminal)</u>, §1.20 (West 1997).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
("On or About")

You will note that the indictment charges that the offenses were committed "on or about" certain dates rather than "on" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged.

Sources: 1 Mod. Fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
(Proof May Be Disjunctive)

Although Count One of the Indictment charges the defendant with unlawful knowing receipt of child pornography that had been "mailed, shipped, and transported in interstate commerce by any means," including "through the mails," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used. That is to say, assuming all other elements have been proven beyond a reasonable doubt, you may convict the defendant if you find that the child pornography had been either mailed <u>or</u> shipped <u>or</u> transported in interstate commerce by any means, including through the mails.

Sources: U.S. Fifth Circuit District Judges Association, <u>Pattern Jury Instructions, Criminal Cases</u>, § 1.21 (1990); 1 Edward J. Devitt, <u>et al</u>., <u>Federal Jury Practice and Instructions</u>, § 18.02 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10
(Stipulations of Fact)


**<u>ONLY</u> IF ANY STIPULATIONS, PLEASE READ**:  The evidence in this case includes facts to which the defendant and the government have agreed or stipulated.  A stipulation means that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept these stipulations as facts to be given whatever weight you choose.

Source: <u>First Circuit Pattern Jury Instructions Criminal Cases</u> § 2.01 (West 1998).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
(Indictment)

With these preliminary instructions in mind, let us turn to the charge against the defendant in the Indictment.  An Indictment is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has pled "not guilty" to the charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond a reasonable doubt.

Sources: Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction No. 3-1 (1993); see First Circuit Pattern Jury Instructions (Criminal), §1.02 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

(Indictment -- Count One)

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States.  In Count One of the indictment – the only count in the indictment – the defendant is charged with attempting to receive a visual depiction of a minor engaged in sexually explicit conduct, in violation of Section 2252(a)(2) of Title 18 of the United States Code.  The following are the applicable elements of the completed crime of receiving a visual depiction of a minor engaged in sexually explicit conduct, which you need to understand before I define what an attempt to commit the completed crime is:

First:        That the defendant knowingly received one or more visual depictions of a minor engaged in sexually explicit conduct or any material that contained one or more visual depictions of a minor engaged in sexually explicit conduct;

Second:    That the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct or that the defendant knew that the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct; and

Third:       That the visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

Sources: 18 U.S.C. §2252(a)(2); Fifth Circuit Pattern Jury Instructions (Criminal), §1.32 (West 1997).

18

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13
(Receipt)


"Receiving" or "Receipt" are not defined terms.  In reaching your verdict you should give these terms their plain and ordinary meaning.

Source: <u>Chapman v. United States</u>, 500 U.S. 453, 462 (1991)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14
(Minor)


As used in these instructions, the term "minor" means any person under the age of eighteen years.


Source: 18 U.S.C. § 2256(1)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15
(Sexually Explicit Conduct)

As used in these instructions, the term "sexually explicit conduct" means actual or simulated:

(1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether

between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadistic or

masochistic abuse or (5) the lascivious exhibition of the genitals or pubic area of any person.

Source: 18 U.S.C. § 2256(2)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16
(Knowledge)


"Knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

Source: First Circuit Pattern Jury Instructions (Criminal), §4.18.2252 (West 1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17
(Proof of Knowledge)


Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

Sources: <u>See</u> <u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997); Edward J. Devitt et al., <u>Federal Jury Practice and Instructions</u>, § 17.07 (4th ed. 1990); Leonard B. Sand Et Al., <u>Modern Federal Jury Instructions</u>, No. 6-17 (1993).

## GOVERNMENT'S PROPOSED INSTRUCTION  NO. 18
(Undercover Operations)

You have heard testimony from an undercover agent(s) who was involved in the government's investigation in this case.  Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

Model Crim. Jury Instr. 9th Cir. § 4.13 (2003).

GOVERNMENT PROPOSED INSTRUCTION NO. 19
(Entrapment)

**If Daniel Kamen asserts that he was entrapped**:  A person is "entrapped" when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he was not otherwise ready and willing to commit.  The law forbids his conviction in such a case.  However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, publishing advertisements for pornography, and the adoption of false identities.

For you to find Daniel Kamen guilty of the crime with which he is charged, you must be convinced that the government has proven beyond a reasonable doubt that Daniel Kamen was not entrapped.  To show this, the government must establish beyond a reasonable doubt either of the following two things:

One, that United States Postal Inspector Scott Kelley did not persuade or talk Daniel Kamen into committing the crime.  Simply giving a person an opportunity to commit a crime or soliciting him to commit a crime is not the same as persuading him.  But excessive pressure by law enforcement agents or an undue appeal to sympathy can be improper.  For example, inducement may be found where the government has ventured beyond a simple offer, say, by pleading with a defendant or by using inherently coercive tactics such as threats or promises of reward, or by arm-twisting based on need, sympathy, friendship, or the like; OR

Two, that Daniel Kamen was ready and willing to commit the crime without any persuasion from United States Postal Inspector Scott Kelley or any other government agent.  Evidence of a predisposed character may derive from direct proof that a defendant previously engaged in the illegal activity, or may be inferred from a defendant's desire for profit, his eagerness to participate

in the transaction, his ready response to the government's offer, or his demonstrated knowledge in the criminal activity under investigation.  In determining whether Daniel Kamen was ready and willing to commit the charged crime, you may consider his behavior both before and after his initial contact with government agents, as well as the nature of all such contact.

Remember, the government must establish lack of inducement <u>OR</u> predisposition beyond a reasonable doubt, it need not establish both.

First Circuit Pattern Jury Instructions (Criminal) §5.06 (1998); <u>United States v. Gifford</u>, 17 F.3d 462, 468 (1st Cir. 1994); <u>United States v. Mendoza-Salgado</u>, 964 F.2d 993, 1002-1003 (10th Cir. 1992).