UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10384-PBS

_____

UNITED STATES

v.

DANIEL KAMEN

_____

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION.**

On March 17, 2006, the defendant Daniel Kamen ["Kamen"] filed a motion to suppress evidence obtained as the result of a search of his residence on December 6, 2004. (Docket No. 36). Kamen argued, *inter alia*, that the search warrant did not establish probable cause to seize the items listed in the warrant as the warrant said that certain items were "now concealed" at Kamen's residence when this was known not to be correct. Kamen also argued that, if the warrant were considered an anticipatory warrant, it lacked the explicit and clear triggering condition required for anticipatory warrants under First Circuit precedent.

Following further briefing and oral argument, this Court issued a Memorandum and Order (Docket No. 46) on June 20, 2006, denying Kamen's motion to suppress in its entirety. The Court reasoned that the warrant met the two-part probable cause test outlined in *United States v. Grubbs*, 126 S.Ct. 1494 (2006), applicable to anticipatory search warrants. *See* Memorandum and Order at 7-8. The Court further held that the triggering condition was adequately specified in the affidavit submitted along with the application for the warrant. *See id.* at 9. Finally, the Court ruled that, even

if the triggering condition were not sufficiently explicit, probable cause was nonetheless established for some of the items listed on the warrant. *See id.*

## II.   THIS COURT DID NOT RULE ON KAMEN'S CLAIM THAT THIS WARRANT WAS NOT AN ANTICIPATORY WARRANT BUT WAS AN ORDINARY WARRANT LACKING PROBABLE CAUSE.

In arguing that the search was invalid, Kamen contended that the warrant should not be evaluated as an anticipatory warrant but rather as an ordinary warrant, as the application and warrant were executed on standard forms that made no reference to "anticipatory" and that used the presence tense in claiming that the evidence "is now" at Kamen's residence. *See* Memorandum of Law in Support of Motion to Suppress (Docket No. 37) at 7-9. In its Memorandum and Order, the Court found that the warrant met the legal standards applicable to anticipatory warrants without first ruling on the threshold question: **Was this an ordinary warrant or an anticipatory warrant?** The Court has therefore not addressed one of Kamen's central claims, based on the plain language of the warrant, that the warrant is an ordinary warrant lacking probable cause.

An ordinary warrant is not the same as an anticipatory warrant. "Anticipatory warrants differ from traditional warrants in that they are not supported by probable cause to believe the items to be seized are at the place to be searched when the warrant is issued." *United States v. Loy*, 191 F.3d 360, 364 (3d Cir. 1999); *United States v. Dennis*, 115 F.3d 524, 528 (7th Cir. 1997) (same). This distinction between an ordinary warrant and an anticipatory warrant was not eliminated by the Supreme Court's decision in *Grubbs*. Indeed, the Supreme Court utilized this exact terminology and contrasted the two types of warrants. *See* 126 S.Ct. at 1500 (comparing "anticipatory warrants" and "ordinary warrants"). With an ordinary warrant the magistrate must determine whether there is

probable cause that evidence of a crime will be found at the described premises **upon immediate execution of the warrant**; with an anticipatory warrant, the Supreme Court explained, the magistrate must determine whether there is probable cause to believe that the triggering condition will be met and, if it is, that evidence will then be found at the described premises. *See id.* An ordinary warrant is focused on the existence of probable cause now, while an anticipatory warrant focuses on the existence of probable cause in the future.

The warrant in this case was patently an ordinary warrant. Unlike virtually every anticipatory warrant mentioned in the case law, it did not state that execution was conditional, was not phrased in the future tense, and did not have the word "anticipatory" anywhere on it. *Compare United States v. Gendron*, 18 F.3d 955, 965 (1st Cir. 1994) (warrant said it would be executed "*after delivery by mail to and receipt by Daniel Gendron*"); *United States v. Ricciardelli*, 998 F.2d 8, 9 (1st Cir. 1993) (warrant stated it would "not be effective until after delivery by mail to and receipt by Steven L. Ricciardelli" of package); *United States v. Grubbs*, 377 F.3d 1072, 1074 (9th Cir. 2004) (warrant labeled "ANTICIPATORY" at top of page); *Dennis*, 115 F.3d at 529 (face of warrant stated execution subject to conditions stated in affidavit); *United States v. Tagbering*, 985 F.2d 946, 949 (8th Cir. 1993) (warrant stated that there was probable cause to believe package "will be" delivered); with *United States v. Moetamedi*, 46 F.3d 225 (2d Cir. 1995).[1/] The form and substance of the

---

[1/] *United States v. Vigneau*, 187 F.2d 70 (1st Cir. 1999), presents a similar factual scenario to that in this case. In *Vigneau*, the government contended that a warrant that was unconditional on its face was actually an anticipatory warrant. The court chose to treat the warrant as an ordinary warrant, and found that probable cause that evidence of a crime would be found existed at the time the warrant was issued, entirely apart from the delivery of the package in question. *Id.* at 80. The court therefore did not address the issue of whether the warrant, which on its face was an ordinary warrant, could be analyzed as an anticipatory warrant. *Id.* at 79-80.

warrant were of an ordinary warrant, and therefore it must be evaluated as an ordinary warrant.[2/]

The analysis of this ordinary warrant is entirely straightforward. As previously argued by Kamen, the warrant stated that the videotapes and packaging were, at the time the warrant was issued, present at Kamen's residence, when this was obviously not true and was known by both the officers and the magistrate not to be true. *See* Government's Reply to Defendant's Reply (Docket No. 44) at 3 ("This is admittedly inaccurate"). Suppression must be ordered.

### III. PROBABLE CAUSE FOR SOME, BUT NOT ALL, ITEMS LISTED IN A WARRANT DOES NOT RENDER THE SEIZURE OF ALL OF THOSE ITEMS VALID.

In its Memorandum and Order, the Court writes:

> In any event, as the government points out, the search warrant could be considered a chimera with two distinct components. Thus, even if this triggering condition were not sufficiently explicit for the anticipatory warrant to be valid, the affidavit provided probable cause to believe that other items of evidence listed in Exhibit A (#1, #4, #6, and #8) were present in the residence independent of the controlled delivery at the time the warrant was issued.

Memorandum and Order at 9. This argument is legally incorrect. If there was not probable cause for items #2 (padded mailing bag) and #3 (videotapes), then -- at the very least -- those items and their fruits must be suppressed. The absence of probable cause is not rectified by the seizure of other items for which probable cause may have existed.

Courts have dealt frequently with the situation where, in a search warrant listing multiple items, there is probable cause for some of those items and no probable cause for others. For such

---

[2/] The government is not entitled to have an ordinary warrant reviewed as an anticipatory warrant merely because it is invalid as an ordinary warrant or because, in hindsight, the government recognizes that an anticipatory warrant would have been more appropriate.

a partially defective warrant, there are two possible remedies. One remedy is partial suppression -- suppressing those items in the warrant not supported by probable cause but not suppressing those properly supported by probable cause. *See*, *e.g.*, *United States v. Morris,* 977 F.2d 677, 682 (1st Cir. 1992) ("However, in cases where a search warrant is valid as to some items but not as to others, we have established that a court can admit the former while excluding the latter"); *United States v. Riggs*, 690 F.2d 298, 300 (1st Cir. 1982); *United States v. Sears*, 411 F.3d 1124, 1129 (9th Cir. 2005) (discussion of applicable analysis). The other remedy is blanket suppression -- suppressing everything seized under the warrant. Courts have indicated that this remedy is appropriate when the improperly-seized items cannot be easily severed from the rest of the warrant or make up the bulk or focus of the seizures. *United States v. Diaz*, 841 F.2d 1, 4 (1st Cir. 1988) (total suppression not warranted when "bulk of the warrant and records seized are fully supported by probable cause"); *Sears*, 411 F.3d at 1130-31 ("We also take into account the relative size of the valid and invalid portions of the warrant" and whether they were "the focus" of the search), *citing United States v. Spilotro*, 800 F.2d 959, 967 (9th Cir. 1986). *See also* 2 Wayne R. LaFave, Search and Seizure, § 4.6(f) (4th ed. 2004) (discussing severability analysis).

These are the only two applicable remedies. In the absence of some exception to the exclusionary rule, suppressing **none** of the evidence is simply not an available remedy for a partially defective warrant. The presence of items for which there is probable cause does not "cure" the absence of probable cause for other items. If the Court were to find that the warrant lacked probable cause with respect to the videotapes and the packaging, then those items must be suppressed. Because the videotapes undeniably were the "focus" of the search, Kamen contends that the Court should choose the remedy of total suppression instead of partial suppression and suppress all other

items, as well.

### IV. IN THE FACTUAL CONTEXT OF THIS CASE, THE TRIGGERING CONDITION IDENTIFIED BY THE COURT IS FATALLY AMBIGUOUS UNDER *RICCIARDELLI.*

In its Memorandum and Order, the Court held that there was a triggering condition in the application for the warrant. Memorandum and Order at 7-9. It held, based on *Gendron*, that the triggering condition was sufficiently "plain and explicit." *Id.* at 9.[3] In the factual context of this case, though, the triggering condition identified by the Court is fatally ambiguous under binding First Circuit precedent.

The two seminal First Circuit cases on anticipatory warrants conditioned on postal delivery, *Gendron* and *Ricciardelli*, dealt with nearly identical triggering conditions: "after delivery by mail to and receipt by Daniel Gendron," *Gendron*, 18 F.3d at 965, and "after delivery by mail to and receipt by Steven L. Ricciardelli," *Ricciardelli*, 998 F.2d at 9. In *Ricciardelli*, the court found this triggering condition fatally ambiguous; in *Gendron*, it was found valid. The distinction between the two cases, as the court explained in *Gendron*, was "the factual context." 18 F.3d at 967.[4] In *Gendron*, the package was delivered to the defendant's residence, and immediately taken into that residence, while in *Ricciardelli* the package was merely delivered to a nearby post office, from which the defendant collected the package. *Id.* at 967.[5] The court in *Ricciardelli* wrote:

---

[3]   Kamen does not herein waive any claim previously made that the warrant, application, and affidavit contained no triggering condition.

[4]   *Gendron* distinguished but did not overrule *Ricciardelli*. *Gendron*, 18 F.3d at 967.

[5]   In *Ricciardellli*, a postman tried to deliver the package to the defendant's home, but
(continued...)

> [The warrant] overlooked (or, at least, did not address) the need for establishing a nexus between the triggering event and the place to be searched. Here, the warrant authorized a search not of appellant's person but of his home, for evidence relating to his dealings with child pornography distributors. The search was to be triggered by delivery of the videotape. Thus, the very premise on which the warrant rested was that the videotape's arrival would signal the existence of probable cause to believe that evidence of a crime-the videotape itself-as well as evidence of criminal predisposition or other nefarious activity was likely located in the dwelling. The warrant's text, however, completely ignored this connection, conditioning the search not on the arrival of the videotape at the place to be searched, but, rather, on appellant's personal receipt of the videotape, wherever he might be and wherever he might take his prize. **By the terms of the warrant, once appellant retrieved the package at the post office, the postal inspectors could have searched his abode whether or not appellant brought the contraband there. An anticipatory search warrant that cedes such great discretion to the executing agents cannot withstand constitutional scrutiny.**
>
> ...
>
> The case at hand parallels *Hendricks* [*United States v. Hendricks*, 743 F.2d 653 (9th Cir.1984)] in important respects. Here, as in *Hendricks*, the package, once retrieved, could have been taken anywhere. Here, as in *Hendricks*, the conditions governing the execution of the anticipatory search warrant were extremely susceptible to the discretion of the executing officers. Here, as in *Hendricks*, the warrant was too broadly drawn in that it did not ensure that the contraband was on a sure course to the premises to be searched. Here, as in *Hendricks*, even though the defendant happened to take the contraband home, the warrant did not establish an adequate three-way nexus between the criminal activity, the evidence to be seized, and the premises. It follows inexorably that here, as in *Hendricks*, the search warrant was invalid.

998 F.3d at 13-14 (*emphasis added*).

This case is on all fours with *Ricciardelli*. Here, as in *Ricciardelli* and contrary to *Gendron*,

---

(...continued)
the defendant was not there. The postman then left a notice indicating that the defendant could collect the item at the post office. The defendant subsequently picked up the package at the post office and took it home with him. 998 F.2d at 9-10.

delivery was not made directly to the defendant's residence. Delivery was instead to the Neighborhood Delivery Collection Box Unit. *See* Case Summary Report, *attached as* Exhibit 5 *to* Memorandum of Law in Support of Defendant's Motion to Suppress (Docket No. 37), at 1. Kamen had to retrieve the package from the Neighborhood Delivery Collection Box Unit. As it turned out, afterwards Kamen did "happen[] to take the contraband home," *Ricciardelli*, 998 F.2d at 14, but he could just as easily have gone elsewhere with it. Unlike *Gendron* and like *Ricciardelli*, the warrant did not state that execution would occur only after the package was "delivered by mail *and taken into the residence*." *Gendron*, 18 F.3d at 967 (*emphasis in original*). Therefore, as a direct application of *Ricciardelli*, the warrant's failure to establish the necessary nexus between delivery of the package to Kamen's Neighborhood Delivery Collection Box Unit and his home renders the search warrant and its fruits invalid.

    Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,

/s/ Charles W. Rankin
_____
Charles W. Rankin, BBO #411780
Jonathan Harwell, BBO #662764
Michelle Menken, BBO #644537
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 10, 2006.

/s/ Charles W. Rankin
_____
Charles W. Rankin