UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
UNITED STATES                 )
                              )
        v.                    )    CRIMINAL 04-10384-PBS
                              )
DANIEL KAMEN,                 )
                              )
        Defendant.            )
                              )
```

**MEMORANDUM AND ORDER**

August 30, 2006

SARIS, U.S.D.J.

**I. INTRODUCTION**

Defendant Daniel Kamen moves for reconsideration of the Court's Memorandum and Order denying the defendant's Motion to Suppress. I address only the new issue raised in the motion for reconsideration and otherwise rely on my Memorandum and Order dated June 20, 2006.

Defendant argues the triggering event specified in the affidavit is defective under <u>United States v. Ricciardelli</u>, 998 F.2d 8, 13-14 (1st Cir. 1993). As I ruled before, when the affidavit is read in a common sense way, the triggering event was the controlled delivery to the defendant's residence. Defendant now points out that in fact, it was delivered to the "delivery collection box" for his residence rather than the apartment. While it seems that no one predicted this wrinkle, the unexpected delivery to a collection box does not vitiate the validity of the search. The specificity requirement does not mandate that the

affidavit cover every unintended logical possibility.  <u>United States v. Gendron</u>, 18 F.3d 955, 965-66 (1st Cir. 1994).  The record contains no information that the delivery collection box at the residence was akin to delivery to a post office box, the method that raised concern in <u>Ricciardelli</u>.  Defendant has proffered none.  Once the mail was delivered, there was an adequate nexus between the defendant's residence, the delivery, and the contraband.

## II.  ORDER

The motion for reconsideration by Defendant Kamen is **DENIED**.

**S/PATTI B. SARIS**
United States District Judge