```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )   CRIMINAL NO. 04-10384-PBS
        v.                      )
                                )
DANIEL KAMEN,                   )
            Defendant.          )
                                )
```

**GOVERNMENT'S REPLY TO DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby files this Reply to Defendant's Motion to Continue Trial Date, filed with this Court on September 8, 2006.

Defendant, Mr. Kamen, seeks to move the trial date to accommodate the testimony of a "material defense witness." The government has no objection to any delay that may be necessary to accommodate the defendant's request.

Although the trial date, scheduled on April 16, 2006, for September 18, 2006, is merely days away, the government has yet to receive notice of any of the defendant's intended witnesses, expert or otherwise. The government provided notice of its experts (two) on March 7, 2006, and its full list of witnesses on June 29, 2006. The government has received absolutely no further information about Dr. Goldstein than what is provided in the Motion and believes it is entitled to as much if the defendant

1

intends to introduce Dr. Goldstein's testimony during the trial. For that reason, the government would respectfully seek further information from the defendant on the presumed expert's qualifications and anticipated testimony.

The government has no desire to deprive the defendant of any witness he may wish to call, but would note for the Court that it questions the relevance of the presumed testimony of Dr. Goldstein (regarding the size and functionality of the defendant's penis, as well as the prescribed use of pornography - presumably, Dr. Goldstein did not prescribe the materials allegedly ordered by the defendant in this matter). Each of those factual assertions would appear likely to have little, if any, relevance to the offense conduct and might well confuse the jury by the introduction of inappropriate issues (the defendant's apparent sexual dysfunction).

Further, the government had secured its two expert witnesses for the trial date set by this Court immediately after the date was announced. The government, of course, has the burden of proof in all criminal matters and it gladly accepts it here. Unfortunately, the timing of the defendant's Motion (so close to the trial date) will render difficult the government's efforts to re-assemble its expert witnesses as well as the original case agent, who is scheduled to be shipped to Guam for two years beginning the first week of November. That witness, Scott

Kelley, is no longer with the Postal Inspection Service and is now a member of the United States Navy.  Nonetheless, the government will do what it must to prove its case on any date the Court should select.

The government should also note for the Court its certainty that one of its two expert witnesses (Dr. Celeste Wilson) is unavailable for the remainder of September.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                      By:  /s/ Paul R. Moore
                          Paul R. Moore
                          Assistant U.S. Attorney

September 12, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 12, 2006.

                                      /s/ Paul R. Moore
                                      Paul R. Moore
                                      Assistant U.S. Attorney

September 12, 2006