UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10384-PBS

———————————————

UNITED STATES

v.

DANIEL KAMEN

———————————————

**DEFENDANT'S TRIAL MEMORANDUM**

The defendant Daniel Kamen submits this Trial Memorandum to inform the Court of the

parties efforts to present this case in a fair and appropriate manner to the jury.

**STIPULATION**

The parties have reached a Stipulation that obviates the need for the government to present

witnesses or play the three video tapes for the jury. An unexecuted copy of the Stipulation is

attached hereto. An executed copy will be filed with the Court.

**DEFENDANT'S CASE**

On Tuesday, October 31, 2006, the defendant expects to present the testimony of the

defendant's urologist, Dr. Irwin Goldstein. Dr. Goldstein will testify that in the year 2004, he treated

the defendant for a physical condition that can be described in lay person's terms as a bent penis.

Dr. Goldstein performed lengthy surgery on Mr. Kamen on April 20, 2006 to correct the condition.

Dr. Goldstein will testify that the surgery was successful, and that he had a number of follow-up

appointments with Mr. Kamen. During those follow-up appointment, Dr. Goldstein encouraged the defendant to obtain pornography in order to try to stimulate himself. Copies of Dr. Goldstein's records and c.v. have been furnished to the government and will be given to the Court.

The defendant also expects to present the testimony on Tuesday of Dr. Carol Ball, a psychologist who has evaluated and treated the defendant since shortly after these charges were brought. Dr. Ball will testify that the defendant suffers from Asperger's Syndrome, an autism related mental condition that is characterized by extreme shyness, social awkwardness, and deficits in detecting social norms and judgment. Copies of Dr. Ball's report and c.v. have been furnished to the government and will be given to the Court.

The defendant has scheduled a neuropsychologist, Dr. Donald Rounds, to testify Wednesday morning, November 1, 2006. Dr. Rounds, affiliated with McLeans Hospital, performed various tests that, according to Dr. Ball, support the diagnosis of Asperger's Syndrome. Copies of Dr. Rounds' report have been produced to the government, and will be made available to the Court.

The defendant may also present the testimony of Helene Kamen, the defendant's mother, on Wednesday.

### SEQUESTRATION AND SEATING ARRANGEMENTS

The defendant requests that Helene Kamen be exempted from any sequestration order. The defendant is under a great deal of stress, and his mother is an important source of emotional support for him. For this reason, the defendant requests that she be permitted to remain in the courtroom even before she testifies, and requests that the defendant be permitted to sit with her in the audience, except when the jury is being selected.

Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,

/s/ Charles W. Rankin

_____

Charles W. Rankin, BBO #411780
Jonathan Harwell, BBO #662764
Michelle Menken, BBO #644537
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 30, 2006

/s/ Charles W. Rankin

_____

Charles W. Rankin

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04–10384–PBS |
| | ) | |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |

**STIPULATIONS OF FACT**

The United States of America, by and through its attorneys, United States Attorney

Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, and the Defendant,

Daniel Kamen, by and through his attorney, Charles W. Rankin, Esq., hereby stipulate and agree

that the following assertions are undisputed facts in this matter:

1.      The Defendant agrees that the images in the videotapes listed in Count One depict child

pornography and are, in fact, actual minors engaged in sexually explicit conduct.  A "minor" is

defined as a person less than eighteen years old.  By the term "actual," the parties mean that the

videos depicted minors who were not digitally created or altered.

2.      The video tapes which relate to the allegations in Count One were produced outside the

Commonwealth of Massachusetts and mailed in interstate commerce.

3.      On September 30, 2004, in response to an undercover United States Postal Inspection

Service operation, the United States Postal Inspection Service received a written request, order

and full payment from the Defendant for the following three video cassette tapes: *Kissing*

*Cousins*; *Boys Will Be Boys*; and *Boys and Girls*.  The Defendant mailed that order to a fictitious

video distribution company, YBCVids, run by the United States Postal Inspection Agency from

P.O. Box 176, Clear Spring, Maryland, 21722.  The parties further agree that the Defendant

signed the order and included with the order a cash payment of $65.00 in United States currency.

The Defendant's order listed the following address for delivery of the three video tapes: "82

Brick Kiln Road, Building 10, Apartment 104, Chelmsford, MA" which address was also listed

as the return address on the envelope in which the order and payment was mailed through the

United States mails.

4.      On December 6, 2004, and at all times relevant to the Indictment, the Defendant resided

at that same address:  82 Brick Kiln Road, Building 10, Apartment 104, Chelmsford, MA.

5.      Prior to December 6, 2004, the United States Postal Inspection Service delivered a

package containing the three aforementioned video tapes (which the Defendant had ordered) to a

postal receptacle within his apartment complex and near his actual residence, with a written

notice to the Defendant that a package was present in the receptacle for him to retrieve. On

December 6, 2004, the Defendant retrieved those videotapes from the mail receptacle and took

them into his residence.

6.      Shortly thereafter, on December 6, 2004, United States Postal Inspectors conducted a

search of the Defendant's residence and found the video tapes (titled *Kissing Cousins*, *Boys Will

Be Boys*, and *Boys and Girls)* in the Defendant's possession.

7.      On December 6, 2004, a United States Postal Inspector (Scott Kelley) advised the

Defendant of his *Miranda* rights.  The Defendant waived those rights (both orally and in written

form) and offered to fully cooperate with investigators in the matter.  The Defendant then wrote a

statement.  The Defendant also orally admitted that he had ordered the three aforementioned

video tapes through the United States mails (*Kissing Cousins*, *Boys Will Be Boys*, and *Boys and Girls*), that he knew that the images depicted minors and that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct.

The parties reserve the right to present any evidence relevant to any unresolved issue in this case.

Respectfully submitted,


Date:_____

_____
_____ Paul R. Moore, Esq.
Assistant United States Attorney


Date:_____

_____
_____ Charles W. Rankin, Esq.
Attorney for Daniel Kamen


Date:_____

_____
_____ Daniel Kamen