UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNITED STATES

v.

DANIEL KAMEN,
Defendant

---

**DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS**

---

Pursuant to Fed. R. Crim. P. 30, defendant Daniel Kamen hereby submits its requests for jury

instructions in the above-captioned criminal case.  The defendant reserves the right to supplement,

modify, or withdraw some or all of the proposed instructions in light of developments at trial.

Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,

/s/ Charles W. Rankin

_____
Charles W. Rankin, BBO #411780
Michelle Menken, BBO#644537
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
617-720-0011

**1 - Knowledge**

"Knowingly" means that the act was done deliberately and intentionally.  The

defendant acted "knowingly" if he realized what he was doing and was aware of the nature

of his conduct, and did not act through ignorance, mistake, or accident.

*United States v. Couming*, 445 F.2d 555, 556-57 (1ˢᵗ Cir. 1971) (knowledge element for knowing failure to possess Selective Service Registration Certificate and Classification was adequately conveyed by the language, "deliberately, intentionally, fully aware of what he was doing," and separate language on "willfulness" was not required); *United States v. Lawson*, 780 F.2d 535, 542 (6ᵗʰ Cir. 1985) ("knowingly means that a defendant realized what he was doing and was aware of the nature of his conduct"); Federal Criminal Jury Instructions of the Seventh Circuit, Instruction No. 6.04, pp. 86-87 (1980) ("When the word 'knowingly' is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident ..."); Manual of Model Criminal Jury Instructions for the Ninth Circuit, Instruction No. 5.06 (1992) ("An act is done knowingly if the defendant is aware of the act and does not act [or fail to act] through ignorance, mistake, or accident ..."); *see also* Model Penal Code § 2.02(2)(b)(i) ("A person acts knowingly with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist ..."); 1 Edward J. Devitt et al., *Federal Jury Practice and Instructions* § 17.04, at 626 (4th ed. 1992) ("The term 'knowingly,' as used in these instructions to describe the alleged state of mind of the defendant, means that [he] [she] was conscious and aware of [his] [her] [action] [omission], realized what [he] [she] was doing or what was happening around [him] [her], and did not [act] [fail to act] because of ignorance, mistake, or accident.").

## 2 - Mental Condition

You have heard evidence regarding the defendant's mental condition. You may consider evidence of the defendant's mental condition in considering whether the defendant had the requisite state of mind for the charged offense, that is, that the defendant acted knowingly. If the defendant could not appreciate the nature of his conduct due to his mental condition, then he has not acted knowingly as the law defines that term.

*United States v. Gifford*, 17 F.3d 462, 474-75 (1st Cir. 1994) (holding that downward departure in receipt of child pornography case would be permissible on grounds that the defendant "was a person entirely without mens rea" since psychological condition impaired defendant's understanding of the socially unacceptable nature of the material, and his ability to "reason through from ... cause to effect"); *United States v. Rubio*, 834 F.2d 442, 448-49 (5th Cir. 1987) (defendant's mental state was relevant to whether he "knowingly" mailed and received child pornography); *United States v. Schneider*, 111 F.3d 197, 201 (1st Cir. 1997) ("... in principle there should be no bar to evidence that a defendant, although not insane, lacked the requisite state of mind"); 1 LaFave & Scott, *Substantive Criminal Law* § 4.7, at 530 ("The reception of evidence of the defendant's abnormal mental condition, totally apart from the defense of insanity, is certainly appropriate whenever that evidence is relevant to the issue of whether he had the mental state which is a necessary element of the crime charged").

**3 - Receipt**

The defendant requests that the Court include in its instruction on the offense of knowing receipt of child pornography the following instruction on the legal term, "Receipt":

"Receipt" includes any knowing acceptance or taking of possession.

*United States v. Ladd*, 877 F.2d 1083, 1087-88 (1st Cir. 1989).

**4 - Lesser Included Offense - Possession of Child Pornography**

The defendant requests that the Court instruct the jury on possession of child pornography, as well as receipt, since possession under 18 U.S.C. § 2252(a)(5) is a lesser included offense of receipt under 18 U.S.C. § 2252(a)(5). The elements of the two crimes are identical, apart from the distinction between "receipt" and "possession," and possession is a necessary component of receipt.

*United States v. Robinson*, 137 F.3d 652 (1st Cir. 1998) (discussing elements of receipt and possession under § 2252); *Ball v. United States*, 470 U.S. 856 (1985) (a previously convicted felon could not suffer two convictions or sentences for receiving and possessing the same weapon where a single act established the receipt and possession, since "when received, a firearm is necessarily possessed").