**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 04-10384-PBS |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**ASSERTION AS TO KNOWLEDGE ELEMENT**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submit this written Response to the defendant's oral assertion in court this day regarding the legal meaning of the knowledge element of the offense charged in this matter.

Defendant argues that the Government must prove the Defendant knew that the images charged in the indictment were unlawful. First Circuit authority squarely rejects Defendant's contention. In *United States v. Robinson,* 137 F.3d 652, 653-654 (1st Cir. 1997), the Defendant complained that he was subject to prosecution due to a change in law, which made possession of sexually explicit photographs of minor teenage boys, a previously legal activity, illegal. The First Circuit held that lack of knowledge of the illegality of the images was not excusable because child pornography cases are "akin to cases involving inherently dangerous or deleterious products where the probability of regulation is so great that anyone who is aware that he is in possession of them or dealing with them must be presumed to be aware of the regulation." *Id* at 654. (citing *United States v. International Minerals & Chem. Corp.*, 402 U.S. 558, 565 (1971) (internal quotations omitted).

Furthermore, the First Circuit has held that in prosecutions under 18 U.S.C. § 2252 the Government is required to prove that the defendant knew the material was sexually explicit and depicted a person under 18 years old. *See United States v. Hilton*, 167 F.3d 61, 75 (1st Cir. 1999) (citing *United States v. X-Citment Video*, 513 U.S. 64, 78 (1994)). There is no authority to

suggest that the Defendant must have known the images were illegal.  The Defendant offers *United States v. Lacy*, 119 F.3d 742 (9th Cir. 1997) as suggesting that the Government must prove the defendant knew the images were illegal.  However, *Lacy* does not stand for that proposition.

In *Lacy* the defendant argued that the Government had not proved knowledge because it had not refuted the defendant's assertion that he believed he had deleted the illicit images from his computer's hard drive.  The *Lacy* Court mandated that the Government must prove that the Defendant knew that the hard drive "contained" sexually explicit depictions of minors.  *Id* at 747.  However, the case does not require the Government to prove that the Defendant knew the images were illegal.  Accordingly, in keeping with the well-known rule that "ignorance of the law is no excuse," the Government is not required to prove the Defendant knew that receipt of the images was illegal.  *Id*.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Paul R. Moore____
Paul R. Moore
October 30, 2006                     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys for defendant Daniel Kamen, on October 30, 2006, via electronic filing.

/s/ Paul R. Moore____
Paul R. Moore
Assistant U.S. Attorney

October 30, 2006