UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10384-PBS |
| | ) | |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Motion in Limine with regard to the anticipated testimony of the defendant's expert witnesses.

Defendant has now notified the government of his intention to call to the stand multiple witnesses with expertise in the treatment of sexually-related disorders. Defendant has indicated that the testimony is relevant because it reflects upon his ability to formulate the requisite knowledge element.

The First Circuit dealt with this issue in *United States v. Schneider*, 111 F.3d 197 (1st Cir. 1997), where it upheld the decision of the trial court to exclude expert medical testimony on the ground that its capacity to mislead the jury substantially outweighed its limited relevance. In that case in which the Defendant was charged with multiple counts of mail and wire fraud (specific intent crimes), the Defendant attempted to show through his medical experts that he had been depressed, was subject to frequent blackouts, had impaired judgment and, therefore, could not form the requisite intent. As in the current matter, the Defendant in *Schneider* did not

dispute the essential facts at issue, but attempted to assert through the testimony of his medical experts that he lacked the capacity to form the requisite intent.

One of the medical experts in *Schneider*, a psychiatrist, was to testify to the impaired judgment of the Defendant which had resulted from depression, probable mania and chemical dependency. *Id* at 200. The district judge, after hearing the offer of proof, ruled that the testimony could not be presented to the jury:

> 'It seems to me that the evidence does not suggest that the Defendant did not act purposefully, that to accept this evidence as a defense [of lack of] mens rea manipulates the concept of intent beyond the intent required and that under all the circumstances, having considered all of the evidence, the Court will sustain the government's objection to any offer of that proof before the jury and Defendant may have an exception.' *Id* at 197.

As in *Schneider*, this Defendant now essentially argues diminished capacity (rather than insanity). Here, however, the Defendant is faced with a general intent crime and has stipulated rather extensively to what he once said was his "knowledge" of what he was doing (knowingly receiving images of minors engaged in sexually explicit conduct).

The government respectfully moves this Court to prevent the confusion and prejudice which may result from allowing such irrelevant testimony to presented to the jury by not allowing the testimony of Dr. Irwin Goldstein (urologist), Dr. Carol Ball (psychologist) and Dr. Donald Rounds (neuropsychologist). The government further respectfully requests that the Defendant's witnesses be instructed - prior to their testimony - that they may not offer judgment or assessments in their testimony as to the ability of the Defendant to have formed (often well prior to their familiarity with Mr. Kamen) the capacity or intent to commit the charged offense. To permit such testimony would further confuse jurors (rather than assist, as expert witnesses are

meant to do) and would also seriously encroach on the domain of the jury and of the Court.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

October 31, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the attorney for defendant DANIEL KAMEN, on October 31, 2006, via electronic filing and hand delivery by the undersigned.

                /s/ Paul R. Moore
                Paul R. Moore
                Assistant U.S. Attorney