UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-CR-10384-PBS

UNITED STATES

v.

DANIEL KAMEN,
Defendant

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF REQUEST FOR LESSER-INCLUDED
OFFENSE INSTRUCTION ON COUNT ONE**

**I.    STATEMENT OF RELEVANT FACTS.**

Defendant Daniel Kamen is charged with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). The Stipulation, Exhibit 1, states, "On December 6, 2004, the defendant retrieved those videotapes from the mail receptacle and took them into his residence." Para. 5. It also states, "Shortly thereafter, on December 6, 2004, United States Postal Inspectors conducted a search of the Defendant's residence and found the video tapes (titled *Kissing Cousins*, *Boys Will Be Boys*, and *Boys and Girls*) in the Defendant's possession." (Para. 6). It further states, "The Defendant also orally admitted that he had ordered the three aforementioned video tapes through the United States mails (*Kissing Cousins*, *Boys Will Be Boys*, and *Boys and Girls*), that he knew that the images depicted minors and that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct." Para.7.

In the defendant's written statement, Exhibit 2 the defendant wrote, "I ordered them because I was curious about seeing a video of teenage boys. I felt very dirty watching these and I am

remorseful for ordering these tapes. I am sorry for looking at these and realize that it is wrong and will promise to never look at pictures like this again."

## II.     SUMMARY OF APPLICABLE LAW.

A defendant has a right to an instruction on a lesser included offense "where the evidence would permit a jury to find that only a lesser included offense occurred." *United States v. Oreto*, 37 F.3d 739, 748 (1st Cir. 1994). As the Supreme Court explained:

> [I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.

*Keeble v. United States*, 412 U.S. 205, 208 (1973); *see also* Fed. R. Crim. P. 31. A crime is a lesser included offense when the "elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 715-16 (1989); *United States v. Balthazard*, 360 F.3d 309, 320 n.4 (2004). In determining whether a jury could rationally find the defendant guilty of a lesser included offense but not the greater offense, the Court should consider the evidence "in the light most congenial to the theory." *United States v. Flores*, 968 F.2d 1366, 1367 (1st Cir. 1992); *see also United States v. Humphrey*, 208 F.3d 1190, 1207-1208 (10th Cir. 2000).

The crime of possession of child pornography is set forth at 18 U.S.C. § 2252(a)(4). It provides:

> § 2252. Certain activities relating to material involving the sexual exploitation of minors
> (a) Any person who--
>     (4)
> . . .
>     (B) knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if--
>         (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>         (ii) such visual depiction is of such conduct;
> shall be punished as provided in subsection (b) of this section.

The statute under which Mr. Kamen was indicted, receipt of child pornography, is set forth at 18 U.S.C. § 2252(a)(2). That section provides:

> § 2252. Certain activities relating to material involving the sexual exploitation of minors
> (a) Any person who--
>     (2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if--
>         (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>         (B) such visual depiction is of such conduct;
> shall be punished as provided in subsection (b) of this section.

In *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004), the court, acting in a guideline context, discussed the difference between receipt and possession. It posed a hypothetical identical

to that posed by the Court at the conclusion of this morning's session. What if a defendant ordered pornography, not knowing that it involved children, but, once he received it, looked at it, realized it was child pornography, and decided to keep it? He would not be guilty of knowing receipt, but would be guilty of possession.

### III.     APPLICATION OF LAW TO FACTS.

The Court must instruct the jury on the lesser included offense of possession of child pornography. The evidence, particularly when viewed in the light most favorable to the defendant, admits of the possibility of the defendant ordering the tapes, not knowing what was actually on them. His oral statement to Inspector Kelley merely says that he knew that the images depicted minors and that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct. It does not say when the defendant came to that knowledge. It is equally plausible, especially in light of his statement in Exhibit 2, that he realized it when he was looking at the videos. That is precisely the scenario hypothesized by the Court. Accordingly, he is entitled to the lesser included offense instruction.

Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,

/s/ Charles W. Rankin

_____
Charles W. Rankin, BBO #411780
Michelle Menken, BBO#644537
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
617-720-0011

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 31, 2006.

/s/ Charles W. Rankin
_____