UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10384-PBS |
| | ) | |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OBJECTION TO JURY INSTRUCTION(S)**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Opposition to the Defendant's proposed jury instructions and, more particularly, to the instruction which regards the allegedly lesser included offense of "possession" of child pornography.

The Criminal Rules provide that a "defendant may be found guilty of an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). However, a jury instruction on a lesser included offense "is only required if the evidence at trial [is] such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." United States v. Flores, 968 F.2d 1366, 1371 (1st Cir. 1992) (citing Schmuck v. United States, 489 U.S. 705, 716 (1989) (internal quotations omitted).

In this case, Defendant has made no argument that he possessed child pornography without receiving it. Such might be the case if, for example, he had produced the child pornography himself. Instead, the Government has proved and the Defendant has stipulated that Defendant: ordered child pornography through the United States mails; received child

pornography in his mail receptacle; and was found in possession of that child pornography shortly after it was deposited in that receptacle. It would be unreasonable on these facts for a jury to find that Defendant possessed such materials without receiving them. Accordingly, Defendant is not entitled to a jury instruction on a lesser included offense.

Additionally, Possession of Child Pornography is not a lesser included offense of Receipt of Child Pornography. A lesser included offense is more typically found in the area of, for example, drug crimes. Evidence may have been presented at trial indicated that a Defendant charged with "Possession with the Intent to Distribute" but the Defendant may argue to the Court that the lesser included offense of mere "Possession" is appropriate for inclusion in the instructions to the jury. Such is not the case in the current matter.

Receipt of Child Pornography differs from Possession of Child Pornography and amounts to an equivalent offense - which happens have sentencing implications more favorable to defendants. The charged offense is not "Receipt and Possession of Child Pornography" but rather "Receipt of Child Pornography." The elements differ - the one is not fully inclusive of the other.

In such circumstances, courts have noted that the charging decision should remain, effectively, in the purview of the executive branch. In <u>United States v. Armstrong</u>, 517 U.S. 456, 464 (1996), the Supreme Court very clearly referred to that discretion by noting the following: "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed." According to Armstrong, the government's charging decisions are entitled to a presumption of regularity. <u>Id</u> at 464.

For these reasons, the government respectfully requests that the Court reject in whole the Defendant's proposed jury instruction with regard to a "lesser included offense" and that the Court abstain from offering its own instruction to the jury on this point.

The government also respectfully submits that, in the event the Court should include an instruction on the Defendant's "mental state," it should also include - <u>as part of the same instruction</u> - an admonition that the jury is not to make its determination(s) based on sympathy for the Defendant. The government continues to object to the inclusion of such an instruction on the defendant's mental state, but believes that should the Court so instruct, it is patently unfair to the government to render the "sympathy" instruction to mere backwater boilerplate as is typically included in jury instructions.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

October 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney for defendant DANIEL KAMEN, on October 31, 2006, via electronic filing and hand delivery by the undersigned.

       /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney