UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

CRIMINAL No. 04-10384-PBS
_____

UNITED STATES

v.

DANIEL KAMEN
_____

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Daniel Kamen, defendant in the above-captioned criminal case, hereby moves this Honorable Court to modify his conditions of release so that he may leave the house in the company of a member of the family for up to four hours at a time. In support of this motion, the defendant states:

1. Since his conviction on November 2, 2006, he has been under house arrest. He is monitored by an electronic bracelet.

2. He has required psychiatric hospitalization on two occasions since his conviction. The first hospitalization, for over a week, followed suicidal concerns on the night of the conviction. After being stabilized and released back to the home, he was again hospitalized on Thursday, December 14, 2006 for his own security. He is expected to be discharged on Thursday, December 21, 2006. Both hospitalizations were at McLean Hospital in Belmont.

3. A letter from Dr. Carol Ball, his treating psychologist, is attached as Exhibit A. She explains the reason for the current hospitalization, and opines:

   ... it was clear to me that his depression had worsened, in part, because of his confinement under house arrest ... It is my professional opinion that we can manage his depression more effectively if he has some freedom to leave the house

      occasionally.  Even the ability to do grocery shopping or have dinner in a restaurant with family would help break up the monotony of his day-to-day existence.

4.     Dr. Ball's opinion as to the detrimental effect of his confinement is echoed in a letter from his attending psychiatrist at McLean, Dr. Grantley Taylor.  A letter from Dr. Taylor is attached as Exhibit B and states, in part: "In my opinion his house arrest exacerbates his depression and I would support its removal if possible as I believe it would significantly help his mood and thus reduce his suicide risk out of the hospital."

5.     The electronic bracelet was originally put in place as a condition of pretrial release.  For substantial periods of the time spent awaiting trial, the terms of the defendant's release allowed him to leave the house alone and there were no significant problems.[1]

      For the foregoing reasons, the defendant requests that the conditions of release be modified to allow him time-limited, supervised excursions out of the house.

                                      Respectfully submitted,
                                      **DANIEL KAMEN**
                                      By his attorneys,

                                      /s/ Charles W. Rankin
                                      Charles W. Rankin, BBO 411780
                                      Michelle Menken
                                      Rankin & Sultan
                                      151 Merrimac Street
                                      Boston, MA 02114
                                      (617) 720-0011

---

[1]     On the eve of trial, the defendant was arrested for shoplifting, causing all parties to agree that confinement under house arrest was appropriate thereafter.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 20, 2006.

                                  /s/ Charles W. Rankin
                                  Charles W. Rankin

EXHIBIT A



**NEW ENGLAND FORENSIC ASSOCIATES**

22 Mill Street, Suite 306
Arlington, MA 02476-4744
Tel: 781 643 0610
Fax: 781 643 1609
e-mail: NEFA@nefacorp.com

*Co-Founders*
Carol J. Ball, Ph.D.
Theoharis K. Seghorn, Ph.D.

*Forensic Psychologist*
Barbara Schwartz, Ph.D.

*Assistant Clinical Director*
Ruth Lewis, Ph.D.

*Associates*
Joel T. Andrade, LICSW
Carlos Davila, Ed.D.
Nancy F. DiZio, LMHC
Steven A. Hughes, Ed.D
Leo D. Keating, LICSW
Joseph P. Stits, M.A.
Denise M. Stack, M.A.

December 20, 2006

**VIA FACSMILE: 617-742-0701**

Charles Rankin
Rankin and Sultan
Attorneys at Law
151 Merrimac Street
Boston, MA 02114

**Re: Daniel Kamen**

Dear Mr. Rankin:

As you are aware, Daniel was rehospitalized at McLean last Thursday and has been there all week. He is expected to be discharged on December 21, 2006.

At the time I met with Dan last week and decided he needed the security of a hospital stay, it was clear to me that his depression had worsened, in part, because of his confinement under house arrest. These restrictions prevent him from getting physical exercise and from "getting a break" from the bleak prospects of his future.

It is my professional opinion that we can manage his depression more effectively if he has some freedom to leave the house occasionally. Even the ability to do grocery shopping or have dinner in a restaurant with family would help break up the monotony of his day-to-day existence.

I appeal to the sensitivity of the Court to grant a change in these restrictions in order to help Dan tolerate his situation without falling into despair.

Thank you for your help in making this request to the Court.

Sincerely yours,
NEFA
Carol J. Ball, Ph.D.

**EXHIBIT B**

| | | |
|---|---|---|
| **Harvard Medical School**<br>*Department of Psychiatry*<br>Clinical Instructor in Psychiatry | <br>Grantley Taylor, M.D. | **McLean Hospital**<br>**Rapid Reintegration Unit**<br>*Medical Director*<br><br>115 MILL STREET<br>BELMONT, MA 02478-9106<br>TELEPHONE (617) 855-3257<br>FAX (617) 855-3709 |

12/19/06

Dear Attorney Rankin,

I have been Daniel Kamen's attending psychiatrist during his two McLean Hospital admissions for depression with suicidality (11/2-11/17/06 and 12/13-present). In my opinion his house arrest exacerbates his depression and I would support its removal if possible as I believe it would significantly help his mood and thus reduce his suicide risk out of the hospital.

Yours truly,

Grantley Taylor, M.D.