UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-10384-PBS |
| v. ) | |
| ) | |
| DANIEL KAMEN, ) | |
|     Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT DANIEL KAMEN'S
MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Opposition to the Defendant's Motion for Judgment of Acquittal and Motion for New Trial. In summary, the government provided sufficient evidence to allow a rational finder of fact (the jury) to find, beyond a reasonable doubt, that the Defendant had the requisite knowledge upon receipt of the child pornography. Furthermore, this Court appropriately rejected the Defendant's proposed jury instructions at trial and grounds for a new trial do not exist.

**STATEMENT OF RELEVANT FACTS**

**I.    OVERVIEW OF THE CASE**

Daniel Kamen was indicted on December 22, 2004, on one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). Trial by jury commenced before the Honorable Patti B. Saris and a jury on October 30, 2006. Evidence was presented over the course of two days. Two documentary exhibits (seven stipulations and the defendant's written confession) submitted by the government which tended to show that the Defendant ordered and received three videotapes by mail containing depictions of minors engaged in sexual conduct. The Defendant presented three

expert witnesses who testified regarding the Defendant's state of mind. The defense was, essentially, lack of knowledge as to the contents of the videotape at the time of receipt. A previous motion for a required finding of not guilty was denied. The jury returned with a verdict of guilty on November 2, 2006. Sentencing was set for February 1, 2007.

The Defendant filed a Motion for Judgment of Acquittal and Motion for New Trial on November 9, 2006 and a supporting memorandum on December 11, 2006.

## I.    THE GOVERNMENT'S EVIDENCE

The government's case was comprised of two documentary exhibits. The first was a list of seven "Stipulations of Fact" signed by the prosecutor, defense counsel and the Defendant, Daniel Kamen. The Stipulations of Fact relevant to the renewed dispute on the issue of knowledge include the following:

1. The Defendant agrees that the images in the videotapes listed in Count One depict child pornography and are, in fact, actual minors engaged in sexually explicit conduct. A "minor" is defined as a person less than eighteen years old .

3. On September 30, 2004, in response to an undercover United States Postal Inspection Service Operation, the United States Postal Inspection Service received a written request, order and full payment from the Defendant for the following three video cassette tapes: *Kissing Cousins; Boys Will Be Boys;* and *Boys and Girls.*

7. On December 6, 2004, a United States Postal Inspector (Scott Kelley) advised the Defendant of his *Miranda* rights. The Defendant waived those rights (both orally and in written form) and offered to fully cooperate with investigators in the matter. The Defendant then wrote a statement. The Defendant also orally admitted that he has ordered the three aforementioned video tapes through the United States mails (*Kissing Cousins, Boys Will Be Boys,* and *Boys and Girls*), that

he knew that the images depicted minors and that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct.

The second documentary exhibit was a written confession signed by the Defendant on the date of his arrest, December 6, 2004. The written statement contained the following with respect to the knowledge element:

> "I ordered videos of teenage boys to be delivered to my apartment . . . I ordered them because I was curious about seeing a video of teenage boys. I felt very dirty watching these and I am remorseful for ordering these. I am sorry for looking at these and realize that it is wrong and will promise to never look at pictures like this again."

Because the parties agreed upon the described stipulations, the government was able to avoid presenting the graphic materials contained in the three video cassettes and order form. Presumably, the defendant also found it to be in his interest to avoid presentation of the actual images. Given the significance of the stipulations and written confession, the government did not present further evidence.

## II.    THE DEFENDANT'S CASE

The defense called two expert witnesses and Mr Kamen's mother to testify on behalf of the Defendant. Dr. Irwin Goldstein, a urologist, had treated the Defendant through the Boston University Center for Sexual Medicine from January of 2004 to February 2005. Dr. Goldstein testified that the Defendant had marked penile curvature and erectile dysfunction since early adolescence. As part of suggested treatment, Dr. Goldstein suggested on a number of occasions that the Defendant procure pornographic material which, paired with a Viagra-like drug that would cause regular erections, would encourage sexual activity. It was Dr. Goldstein's opinion that proper blood flow through the penis was critical to the Defendant's recovery from a recent corrective surgery.

The second witness for Defense was Dr. Carol Ball, a psychologist that mainly treated people with sexual behavioral problems and had treated the Defendant from January 2005 through the date

of her testimony. Dr. Ball alleged that the Defendant had a neurological disorder and likened his developmental stage to that of an early adolescent and referenced his identification with minors, although Dr. Ball believed that the Defendant was now attracted to persons nearer to his actual age..

The Defendant's mother, Helene Kamen, testified that her son exhibited social isolation and delayed development as a child. Dr. Ball claimed that these characteristics corroborate her diagnosis of a neurological disorder. Mrs. Kamen further testified that the Defendant's father was quite odd in his behavior around the Defendant as a child.

### III.    THE JURY INSTRUCTIONS

Judge Saris instructed the jury on the required element of knowledge, and instructed that evidence of the defendant's mental condition could be considered in evaluating whether he acted knowingly. The Court properly denied the Defendant's request for additional instructions on "possession" as a lesser-included offense of "receipt."

### ARGUMENT

### I.    THE GOVERNMENT PROVIDED MORE THAN SUFFICIENT EVIDENCE OF "KNOWING" RECEIPT OF CHILD PORNOGRAPHY AT TRIAL

#### A.    Summary of Relevant Law

As grounds for opposition to the Rule 33 new trial motion, the government states that "[t]he remedy of a new trial is sparingly used, and then only where there would be a 'miscarriage of justice . . . and where the evidence preponderates heavily against the verdict.'" United States v. Wilkerson, 251 F.3d 273, 278 (1st Cir. 2001) (*quoting* United States v. Leach, 427 F.2d 1107, 1111 (1st Cir. 1970). *See also* United States v. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986). Here, no errors were committed by this Court that come close to meeting a miscarriage of justice standard. *See* United States v. Olano, 507 U.S. 725, 736-37 (1993) (discussion of miscarriage of justice standard in context of Rule 52(b) forfeited errors).

Under Rule 29, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The First Circuit has elaborated on the standard for judicial review of evidentiary sufficiency in a criminal case as follows:

> If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) [additional citations omitted]. In evaluating sufficiency, both direct and circumstantial evidence are accorded weight. See, e.g., United States v. O'Brien, 14 F.3d 703, 706 (1st Cir.1994). So long as the evidence, taken as a whole, warrants a judgment of conviction, "it need not rule out other hypotheses more congenial to a finding of innocence." United States v. Gifford, 17 F.3d 462, 457 (1st Cir. 1994).
>
> When . . . a criminal defendant mounts a sufficiency challenge, all the evidence, direct and circumstantial, is to be viewed from the government's coign of vantage. Thus, the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt. See United States v. Taylor, 54 F.3d 967, 974 (1st Cir. 1995); United States v. Rothrock, 806 F.2d 318, 320 (1st Cir. 1986).

United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995).

Moreover, this Court must look at the whole of the evidence introduced at trial. "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." Bourjaily v. United States, 483 U.S. 171, 179-80 (1987). See also Huddleston v. United States, 485 U.S. 681, 691 (1988) (same).

An essential element of the crime of receiving child pornography is knowledge of both the sexually explicit nature of the material received and the age of the subjects involved. 18 U.S.C. § 2252(a)(2); United States v. X-Citement Video, 513 U.S. 64, 78 (1994).

B.    Discussion

United States v. X-Citement Video requires that the term "knowingly" in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers. Stipulated fact number seven, which the Defendant agreed was an undisputed fact in this matter, clearly meets the requirements of X-Citement Video as the Defendant admits "that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct." Stipulations of Fact ¶ 7. The sufficiency of evidence on these elements could not be clearer. Not only does this reflect knowledge of the sexual content of the material but of their minor age as well. While Kamen used the term teenage boys to reference his knowledge of the actors ages, he further clarified his knowledge by using the term "minors." Id. The Defendant agreed in the Stipulations of Fact that "[a] "minor" is defined as a person less than eighteen years old." Id.

Defense counsel further relies on the expert testimony of Dr. Carol Ball to establish lack of knowledge based on the Defendant's alleged diminished mental capacity. Defendant's Memorandum in Support of Defendant's Motion for Judgment of Acquittal and Motion for New Trial, 5. The jury was given the opportunity to consider all the evidence and determine if the Defendant's mental state was sufficiently impaired, per the Court's instructions, such that Kamen did not have the requisite knowledge upon receipt of the videos. In light of Dr. Carol Ball's expert testimony, it was plausible for the jury to find that Kamen still had the capability to understand and perceive his own actions. Here, the proper inference must be made in favor of the government, and here it is that the jury found Dr. Ball's testimony insufficient to establish lack of knowledge. It was well within the bounds of rationality for the jury to accept the facts which the Defendant himself stipulated to and the expert testimony of the doctors did not, as a matter of law or fact, need not disrupt that finding. Accordingly, this Court should deny the

Defendant's Motion for Acquittal.

## II.     THE COURT PROPERLY REJECTED DEFENDANT'S PROPOSED JURY INSTRUCTION

### A.     Summary of Relevant Law

The Criminal Rules provide that a "defendant may be found guilty of an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c). However, a jury instruction on a lesser included offense "is only required if the evidence at trial [is] such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." United States v. Flores, 968 F.2d 1366, 1371 (1st Cir. 1992) (citing Schmuck v. United States, 489 U.S. 705, 716 (1989)) (internal quotations omitted).

### B.     Discussion

Defendant repeats the same questions that were correctly answered by this Court at trial. In this case, Defendant has made no argument that he possessed child pornography without receiving it. Such might be the case if, for example, he had produced the child pornography himself. Instead, the Government has proved and the Defendant has stipulated that Defendant: ordered child pornography through the United States mails; received child pornography in his mail receptacle; and was found in possession of that child pornography shortly after it was deposited in that receptacle. It would be unreasonable on these facts for a jury to find that Defendant possessed such materials without receiving them. Accordingly, Defendant is not entitled to a jury instruction on a lesser included offense, were it actually a lesser included offense.

Additionally, Possession of Child Pornography is not a lesser included offense of Receipt of Child Pornography. A lesser included offense is more typically found in the area of, for example, drug crimes. Evidence may have been presented at a drug trial indicating that a

Defendant charged with "Possession with the Intent to Distribute" but the Defendant may argue to the court that the lesser included offense of mere "Possession" is appropriate for inclusion in the instructions to the jury. Such is not the case in the current matter.

Receipt of Child Pornography differs from Possession of Child Pornography and amounts to an equivalent offense - which happens to have sentencing implications more favorable to defendants. The charged offense is not "Receipt and Possession of Child Pornography" but rather "Receipt of Child Pornography." The elements differ - the one is not fully inclusive of the other.

Additionally, in such circumstances, courts have consistently noted that the charging decision should remain, effectively, in the purview of the executive branch. In United States v. Armstrong, 517 U.S. 456, 464 (1996), the Supreme Court very clearly referred to that discretion by noting the following: "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed'." According to Armstrong, the government's charging decisions are entitled to a presumption of regularity. Id at 464. A rational jury could have concluded from the evidence that Kamen knowingly possessed and received child pornography.

For these reasons, the Court properly rejected the Defendant's proposed jury instruction with regard to a "lesser included offense" at trial and should deny the Defendant's Motion for a new trial.

## CONCLUSION

In his Motion, the Defendant simply repeats the argument already presented to the Court and to the jury. This Court was correct in its previous finding that the finder of fact could - viewing the evidence in a light most favorable to the government - find beyond a reasonably

doubt that the Defendant committed the offense. Further, the Court instructed the jury to consider the mental state of the defendant with particular respect to the "knowledge" element. The jury then heard the Defendant's counsel, Mr. Rankin, offer the same theory on knowledge which he now renews. The jury, having properly heard and considered all of the evidence and with proper instructions from the Court, made a decision that was well within its reasonable ability so to do.

For the aforementioned reasons, the government respectfully requests that this Court deny Daniel Kamen's Motion for Judgment of Acquittal and Motion for a New Trial.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Paul R. Moore
      PAUL R. MOORE
      Assistant U.S. Attorney

December 22, 2006

### CERTIFICATE OF SERVICE

I, Paul R. Moore, Assistant U.S. Attorney, hereby certify that I have served a true copy of the foregoing upon the attorneys for Defendant DANIEL KAMEN by electronic filing notice on December 22, 2006.

        /s/ Paul R. Moore
        Paul R. Moore
        Assistant U.S. Attorney