UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
      v.                      )
                              )      CRIMINAL NO. 04-10384-PBS
DANIEL KAMEN,                 )
      Defendant               )
                              )
                              )

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF
THE COURT'S JANUARY 19, 2007, MEMORANDUM AND ORDER
AND OPPOSITION TO JUDGMENT FOR A LESSER INCLUDED OFFENSE**

The United States hereby moves this Court to reconsider its order granting the defendant, Daniel Kamen ("Kamen"), a new trial. In addition, the United States opposes Kamen's argument that this Court may unilaterally reduce his conviction to possession, even assuming that possession of child pornography is a lesser included offense of receipt.

This Court granted Kamen's request for a new trial because it believed it should have instructed the jury that it could find Kamen guilty of possession of child pornography as a lesser included offense of receipt.  The Court should reconsider its ruling because, as a matter of law, possession is not a lesser included offense under the applicable "elements" test.  The Court therefore correctly declined at trial to give a lesser included offense instruction.

Even if possession could be considered a lesser included

offense of receipt, this Court would have no authority to unilaterally reduce Kamen's conviction to possession on the facts presented here.   The Court neither instructed the jury on possession nor did it find the evidence presented at trial insufficient to support the jury's verdict on receipt.   In these circumstances, precedent provides no basis for entry of judgment on possession.

<u>**BACKGROUND**</u>

Kamen was charged in a one-count indictment with receipt of child pornography in violation of 18 U.S.C. §2252(a)(2).  [D. 1]. The case was tried over four days between October 30 and November 2, 2006.   At trial, the government introduced a stipulation to facts from which it argued that Kamen had knowingly ordered and received in the mail a group of three videotapes showing minors engaged in sexually explicit conduct. [Exh. 1].  Kamen introduced the testimony of several witnesses which, he argued, cast doubt on his understanding of the nature of the material at the time he ordered and received it.

At trial, Kamen asked the Court to instruct the jury that it could find him guilty of possession of child pornography, 18 U.S.C. §2252(a)(4), as a "lesser included offense" of the receipt charge. [D. 74].  The government objected and the Court denied the request. The jury later found Kamen guilty of receipt of child pornography. [D. 80].

Kamen then moved pursuant Fed. R. Crim. P. 29(c) and 33 for a judgment of acquittal or, in the alternative, a new trial. [D. 86, 88]. Kamen argued that he was entitled to a judgment of acquittal because there was insufficient evidence to establish beyond a reasonable doubt that he knew the material depicted minors engaged in sexual activity at the time he received it. [D. 86]. If not acquitted, Kamen argued that he should be given a new trial because the Court erred in declining to give a lesser-included-offense instruction on possession. [Id.]. In connection with this request, Kamen further argued that the Court had authority to enter judgment on the reduced charge itself with the government's consent. [Id., pp. 12, 16].

At a subsequent hearing, the Court stated that it would not grant Kamen's Rule 29 motion, because "there was enough evidence to support the verdict." [Tr. 7]. However, the Court indicated that it would grant the motion for a new trial, finding – without any express analysis of the underlying statutes – that it "should have given" the lesser-included-offense instruction. [Tr. 4]. The Court expressed uncertainty as to whether its failure to do so constituted legal error, but concluded that its prior decision was a mistake justifying a new trial "in the interests of justice." [Tr. 4, 7]. Responding to Kamen's request for entry of judgment, the Court stated that it believed this practice to be "disfavored" in the caselaw, especially where the Court found the evidence

sufficient to support the receipt conviction.  [Tr. 4, 10].  In its written order, the Court requested additional briefing on this issue.  [D. 91].

**ARGUMENT**

I.   **THE COURT SHOULD RECONSIDER ITS GRANT OF A NEW TRIAL BECAUSE, AS A MATTER OF LAW, POSSESSION OF CHILD PORNOGRAPHY IS NOT A LESSER INCLUDED OFFENSE OF RECEIPT.**

The government respectfully requests that the Court reconsider its decision to give Kamen a new trial.  The Court granted the new trial because it believed it should have instructed the jury on possession of child pornography as a lesser included offense of receipt.  This conclusion proceeds from a false premise, because a review of the relevant statutory provisions confirms that possession of child pornography as set forth in 18 U.S.C. §2252(a)(4)(B) is not a lesser included offense of receipt of child pornography as set forth in 18 U.S.C. §2252(a)(2).  The Court therefore committed no error in declining to give the lesser included offense instruction at trial and no retrial is required.

For a lesser included offense instruction to be appropriate, the proposed instruction must first describe an actual lesser included offense of the offense charged in the indictment.  United States v. Flores, 968 F.2d 1366, 1369 (1st Cir. 1992).  In Schmuck v. United States, 489 U.S. 705 (1989), the Supreme Court held that this determination must be made by comparing the statutory elements of the proposed lesser included offense to those of the charged

offense, "not . . . by reference to conduct proved at trial." Id.
at 716-17. An offense constitutes a lesser included offense only
if the elements of the proposed lesser offense "are a subset of the
elements of the charged offense." Id.; see also Flores, 968 F.2d
at 1369 ("To pass the [Schmuck] test, all the elements of the
lesser included offense must be elements of the charged offense -
but the charged offense must contain at least one additional
element."). In using the elements test, Schmuck essentially
adopted the analytical approach of Blockburger v. United States,
284 U.S. 299 (1932), under which courts look to statutory elements
to determine whether two statutes create a single offense for
double jeopardy purposes. See United States v. Browner, 937 F.2d
165, 171 (5th Cir. 1991)("Traditional Blockburger double jeopardy
analysis mirrors the statutory elements test used to determine when
an offense is lesser included in a greater offense for the purpose
of a jury instruction."). As under Blockburger, an offense
constitutes a separate offense - and therefore not a lesser
included offense - if the purported "lesser" offense contains at
least one element that the charged offense does not. See Schmuck
at 721-722; see also United States v. Laguna-Estela, 394 F.3d 54,
56-57 (1st Cir. 2005)(describing Blockburger inquiry as
"requir[ing] a determination whether each offense requires an
element of proof that the other does not").

On its face, the possession offense identified in

§2252(a)(4)(B) fails under the elements test to describe a lesser included offense of receipt as set forth in §2252(a)(2).  Although the provisions overlap, the distinguishing element of §2252(a)(4) – _possession_ of certain images of minors engaged in sexually explicit conduct – appears nowhere in §2252(a)(2), which instead addresses itself solely to the _receipt_ and _distribution_ of certain images.  Under traditional rules of statutory construction, this difference in language is presumed to be intentional and to reflect a Congressional intent to address different subjects in the two provisions.  _See_ _United States v. Roberson_, 459 F.3d 39, 54 (1st Cir. 2006) _petition for cert. filed_ (Nov. 9, 2006).  This rule applies with equal force when construing statutes to determine whether one constitutes a lesser included offense of the other.  _See_ _Flores_, 968 F.2d at 1370-71 (declining to infer for purposes of _Schmuck_ analysis that an assault on a flight attendant "necessarily interferes with the attendant's duties" where Congress addressed interference with flight attendants in a separate provision) (emphasis omitted).

In his motion, Kamen argues for a contrary inference, relying on cases – mostly outside the context of child pornography – standing for the proposition that the concept of "receipt" generally connotes some level of "possession" (whether constructive or actual) of the object received.  _See, e.g.,_ _Ball v. United States_, 470 U.S. 856, 862 (1985)(reasoning in resolving a double

jeopardy challenge to two gun convictions that "proof of illegal receipt <u>necessarily</u> includes proof of illegal possession of the weapon") (emphasis in original).[1]  However, this proposition, even if accepted as true, only begins the relevant inquiry.  For the <u>Schmuck</u> test to be met, it is not enough that the receipt offense of §2252(a)(2) involve <u>some</u> notion of possession.  Rather, the receipt offense must necessarily include the offense of possession of child pornography <u>as Congress established it in §2252(a)(4)(B)</u>. <u>See</u> <u>United States v. Bass</u>, 794 F.2d 1305, 1309-10 (8th Cir. 1986) (finding <u>Ball</u> distinguishable as applied to a different comparison of gun control provisions, based on the particular language and legislative history of those provisions).  Review of the relevant statutory language indicates that it does not.

    To begin with, a comparison of §2252(a)(2) and §2252(a)(4)(B) reveals that Congress used dissimilar language in describing the

_____

    [1]Although Kamen appears at first to acknowledge in his motion the lack of on-point decisions addressing the issue presented here, he goes on to suggest that two Ninth Circuit cases, <u>United States v. Kuchinski</u>, 469 F.3d 853 (9th Cir. 2006) and <u>United States v. Romm</u>, 455 F.3d 990 (9th Cir. 2006) <u>cert. denied</u> 127 S.Ct. 1024 (2007), contain relevant "holdings."  The cases provide less support for Kamen's position than he implies. While the court in <u>Kuchinski</u> stated that treating possession of child pornography as a lesser included offense of receipt has "some plausibility on its face," it had no need to analyze or decide the issue – and did not do so – finding that the defendant's double jeopardy claim would fail even if possession were a lesser included offense.  <u>See</u> 469 F.3d at 859-60.  In <u>Romm</u>, the question before the court had nothing to do with <u>Schmuck</u> or <u>Blockburger</u> but instead addressed the sufficiency of evidence under the circumstances of the case to establish "possession" and "receipt."  <u>See</u> <u>Romm</u>, 455 F.3d at 100-1002.

particular objects the "receipt" or "possession" of which would produce a violation. A person violates §2252(a)(2) by <u>receiving</u> "any visual depiction" that itself has been transported in interstate or foreign commerce "or which contains materials which have been mailed or . . . shipped or transported, by any means including by computer." By contrast, a person violates §2252(a)(4)(B) by <u>possessing</u> "1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction" that has itself been transported in interstate or foreign commerce "or which was produced using materials which have been mailed or . . . shipped or transported, by any means including by computer."

These provisions are not co-extensive. Among other differences, the provisions suggest a distinction in the "unit of prosecution" Congress intended to be used for each type of violation. <u>See</u> <u>generally</u> <u>United States v. Verrecchia</u>, 196 F.3d 294, 297-98 (1st Cir. 1999)(discussing "unit of prosecution" in the context of the felon in possession statute). While the phrase "any visual depiction" has been interpreted to mean that each receipt of an image produces a separate violation, <u>see</u> <u>United States v. Snyder</u>, 189 F.3d 640, 647 (7th Cir. 1999); <u>United States v. Labean</u>, 56 M.J. 587, 592-93 (C.G.Ct.Crim.App. 2001), the possession language suggests that multiple images that are part of one "matter" or course of conduct support only a single infraction, <u>see</u>

U.S. v. McKelvey, 203 F.3d 66, 70-71 (1st Cir. 2000); United States
v. Kimbrough, 69 F.3d 723, 729 (5th Cir. 1995). Given this, an
actionable "receipt" need not inescapably give rise to an
actionable "possession." More subtly, the language also indicates
a potentially meaningful difference in how the two offenses cover
images not themselves sent in interstate or foreign commerce.
Under the receipt offense, such an "instrastate image" is covered
if it "contains materials" sent in interstate or foreign commerce,
while the "possession" offense would cover this type of image if it
was "produced using materials" sent in interstate or foreign
commerce.[2]

       Equally significant, an interpretation of the scope of
§2252(a)(4)(B) must take into account the affirmative defense
provided in §2252(c), which is available solely in the context of
a possession charge. Section 2252(c) provides an affirmative
defense for a §2252(a)(4)(B) defendant who can show that he
possessed three or fewer images and promptly acted to destroy them
or to contact the authorities. See 18 U.S.C. §2252(c). As the
Seventh Circuit explained in United States v. Myers, 355 F.3d 1040

-----

       [2]Changes in technology continue to suggest additional
circumstances in which "receipt" and "possession" may not
coincide. For example, at least one trial court has apparently
found that watching a live video of sexually explicit conduct
from a minor's webcamera, without recording it, would support a
plea to receipt of child pornography. United States v. Raffin,
No. 03-0013 (M.D. Tenn., Apr. 3, 2004)(unpublished disposition).
It is not clear that this would result in "possession" of the
images.

(7th Cir. 2004), one implication of the pairing of §2252(a)(4)(B) and §2252(c) is that a person who inadvertently receives child pornography (and thus has not "knowingly received" it) "could be in violation of the possession provision . . . if he or she decides to retain that material." Id. at 1042. However, this same reasoning illustrates how, on different facts, the opposite result could be reached. For example, if a person knowingly orders three or fewer images of child pornography, then changes his mind and destroys the material when it arrives, the person may be able to use the affirmative defense to avoid conviction for possession. Nonetheless, the person could still be found guilty of knowing receipt. The existence of this affirmative defense, applicable only to possession, provides a strong basis for concluding that the elements test is not met. Cf. United States v. Franchi-Forlando, 838 F.2d 585, 591 (1st Cir. 1988)(Breyer, J.)(holding two drug control statutes to be different for purposes of the Blockburger elements inquiry based in part on differences in their affirmative defenses and noting that "Blockburger itself found a difference between two similar statutes based on the fact that one of them contained an affirmative defense").[3]

---

[3]If more were needed, and the government does not believe it is, legislative history also supports the conclusion that possession has not been viewed by Congress as merely a "subset" of receipt. Prior to 1998, any argument that §2252(a)(4)(B) established a lesser included offense would have been frivolous, since "possession" became actionable only if "three or more" items within its scope were found. See McKelvey, 203 F.3d at 68

Given the foregoing, reconsideration of the Court's decision to grant Kamen a new trial is plainly appropriate.  While "[m]otions for a new trial are directed to the broad discretion of the trial judge," it is settled law in this Circuit that "[t]he remedy of a new trial is sparingly used and then only where there would be miscarriage of justice."  <u>United States v. Wilkerson</u>, 251 F.3d 273, 278 (1st Cir. 2001).  Even if Kamen is right that a new trial may be granted due to mistakes that do not rise to the level of legal error,[4] a new trial cannot be granted based on a court's proper decision to deny an instruction that is contrary to law. The Court's grant of a new trial therefore should be reversed.

---

& n.1 (discussing this history).  Under that version of the statute, receipt of one or two images could be prosecuted without any apparent possibility of charging possession.  Congress later made the "three or more" images criterion into an affirmative defense, but made no attempt to conform the two provision's remaining terms by, for example, replacing the "books . . . or other matter" formulation of §2252(a)(4)(B) with the "any images" language of §2252(a)(2).

[4]In his brief, Kamen relies on <u>United States v. Vicaria</u>, 12 F.3d 195 (11th Cir. 1994), for the proposition that a court may grant a new trial in the interests of justice without concluding that its prior decision was legal error.  <u>See id.</u> at 198-99. Given the First Circuit's statements in <u>Wilkerson</u> and other cases, <u>see, e.g.</u>, <u>United States v. Rivera Rangel</u>, 396 F.3d 476, 486 (1st Cir. 2005)(stating that a new trial should not be granted "because [the trial court] would have reached a different result"); <u>United States v. Glantz</u>, 810 F.2d 316, 321 (1st Cir. 1987)(new trial not appropriate to correct minor flaws in a trial process that "although imperfect . . . adequately protected [the] defendant's rights"), the government doubts <u>Vicaria</u> accurately states the law in this jurisdiction.

**II.  EVEN IF POSSESSION OF CHILD PORNOGRAPHY IS A LESSER INCLUDED OFFENSE OF RECEIPT, THIS COURT HAS NO AUTHORITY TO REDUCE KAMEN'S CONVICTION UNILATERALLY TO POSSESSION.**

Because possession of child pornography does not constitute a lesser included offense of receipt, this Court need not reach the question of what remedies might be available if it did.  However, even assuming that possession of child pornography were a lesser included offense of receipt, this Court would have no authority to enter judgment on the lesser offense under the circumstances of this case.  Precedent supports entry of judgment on a lesser included offense in only two circumstances: (1) where the trial court finds the evidence insufficient to support a greater charge after granting a motion to instruct on a lesser included offense; and (2) at the direction of an appellate court on remand from a decision vacating a conviction.  Neither has occurred in this case.

As the Second Circuit explained in <u>United States v. LoRusso</u>, 695 F.2d 45 (2nd Cir. 1982), the first basis for entering judgment on a lesser included offense derives from the district court's authority under Fed. R. Crim. P. 31(c) to instruct a jury on a lesser included offense not charged in the indictment.  <u>See</u> <u>LoRusso</u>, 695 F.2d at 52.  Once a request to present a lesser included offense to the jury has been properly granted, the lesser offense stands on the same footing as the offense formally charged in the indictment.  <u>Cf.</u> <u>id.</u> at 52 n.3 ("Because all the elements of the lesser-included offense are by definition comprised within the

greater offense, the grand jury in charging the greater has also charged the lesser."). As a result, if the court finds the evidence insufficient on one or more elements of the greater offense, but sufficient on all the elements of the lesser offense, it may use its power under Fed. R. Crim. P. 29 to acquit the defendant of the greater offense either before or after the case goes to the jury, leaving only the lesser offense. See LoRusso, 695 F.2d at 52; United States v. Dhinsa, 243 F.3d 635, 674-75 (2nd Cir. 2001)(summarizing the same analysis with additional citations); see also United States v. Blackwell, 515 F.2d 125, 126-27 (4th Cir. 1975)(holding that district court did not err in using its authority under Fed. R. Crim. P. 31(c) to submit only lesser included offense to jury where evidence was insufficient to support greater offense); Virgin Islands v. Josiah, 641 F.2d 1103, 1108 (3rd Cir. 1982)(stating that, where jury was presented with both greater and lesser offenses and convicted on the greater, the district court "has authority to enter a judgment of conviction on a lesser-included offense when it finds that an element exclusive to the greater offense is not supported by evidence sufficient to sustain the jury's finding of guilt").

The second ground derives from the appellate court's power under 28 U.S.C. §2106 to modify judgments on appeal. See generally United States v. Romano, 137 F.3d 677, 680-81 (1st Cir. 1998)

-13-

(discussing the use of this authority in an analogous context).[5]
Relying on this authority, appellate courts have concluded in a
number of circumstances that, where a conviction must be reversed,
a remand may be structured to direct or authorize the district
court to enter judgment on a lesser included offense.  See Josiah,
641 F.2d at 1108 (remanding for entry of judgment on a lesser
included offense where appeals court found evidence insufficient to
support greater charge); United States v. Plenty Arrows, 946 F.2d
62, 66-67 (8th Cir. 1991) (same); United States v. Burns, 624 F.2d
95, 105 (10th Cir. 1980) (authorizing district court on remand to
offer new trial or enter judgment on lesser offense where district
court failed to instruct jury on lesser included offense of
"possession" of narcotics); United States v. Giampino, 680 F.2d
898, 903 (2nd Cir. 1982) (same); Whitaker, 447 F.2d at 322
(authorizing district court on remand to grant new trial or enter
judgment on lesser included offense where instructions were marred
by failure to clarify that government was not pursuing charge on
greater offense).  Except where the evidence on the greater offense
has been found insufficient, however, entry of judgment on the

---

[5]In his motion, Kamen cites to United States v. Whitaker,
447 F.2d 314 (D.C. Cir. 1970), a case often relied on for this
principle and referred to in several cases cited by government.
While Whitaker itself does not specify the statutory basis, it
relies on a chain of authorities leading back to Austin v. United
States, 382 F.2d 129 (D.C. Cir. 1967) abrogation on other grounds
recognized by U.S. v. Sherod, 960 F.2d 1075 (D.C. Cir. 1992), a
case interpreting 28 U.S.C. §2106.  See Austin 382 F.2d at 140-
43.

lesser offense requires the non-appealing party's consent.  See Giampino, 680 F.2d at 903 (allowing entry of judgment on the lesser offense "if the government and [the defendant] consent"); Whitaker, 447 F.2d at 322 (stating that district court could enter judgment on lesser offense "after hearing both parties and obtaining the Government's consent"); Burns, 624 F.2d at 105 (adopting language in Whitaker).

The foregoing cases plainly provide no authority for the district court to reduce Kamen's conviction to one of possession of child pornography, even assuming possession is a lesser included offense of receipt.  The first line of cases relies on the assumption that the court actually provided a lesser included offense instruction, which this Court did not.  Moreover, it requires the court to find the evidence insufficient on the greater offense, which this Court has expressly and correctly declined to do.  The second line of cases has no application for the obvious reason that no appeal has yet been taken in this case.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court reverse its decision granting the defendant a new trial.  If the Court does not do so, the government requests that the Court leave the judgment undisturbed and proceed to retry the case.

Respectfully Submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:


/S/ Paul Moore
PAUL MOORE
RANDALL E. KROMM
Assistant U.S. Attorneys

Dated:    February 16, 2007

## CERTIFICATE OF SERVICE

I, Paul R. Moore, Assistant U.S. Attorney, hereby certify that I have served a true copy of the foregoing upon the attorneys for Defendant DANIEL KAMEN by electronic filing notice on February 16, 2007.

/s/ Paul S. Moore
Paul R. Moore
Assistant U.S. Attorney