UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

No. 04-CR-10384-PBS

---

UNITED STATES

v.

DANIEL KAMEN

---

**DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S MOTION FOR RECONSIDERATION OF
THIS COURT'S JANUARY 19, 2007 MEMORANDUM AND ORDER**

---

The United States has moved the Court to reconsider its grant of a new trial in the above-captioned receipt of child pornography case, and has opposed the defendant's pending motion for entry of judgment on the lesser included offense of possession of child pornography. The government's arguments are untimely and unavailing. Neither the government's original opposition to the defendant's motion for a new trial, nor its newly formulated propositions, cast any real doubt on the correctness of this Court's conclusion that the jury should have been instructed on possession. The evidence at trial established knowing possession of child pornography, but did not establish the greater offense of knowing receipt. Under the circumstances, entry of judgment on the lesser offense in lieu of retrial is not only permissible, it is also the most just and efficient course.

I.     **SUMMARY OF RELEVANT FACTS.**

Daniel Kamen was convicted on a one-count indictment for receipt of child pornography on November 2, 2006.  He filed a timely motion for judgment of acquittal and motion for new trial, pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure, arguing that the Court erred in refusing his request for a jury instruction on possession of child pornography as a lesser-included offense.  The defendant urged that the essential element distinguishing the two offenses – that is, knowledge at the moment that he took possession of the material in question that it was child pornography – had not been proven at trial.  Accordingly, he moved for acquittal of the greater offense (receipt), and entry of a judgment of conviction on the lesser offense (possession).

The government opposed the defendant's motion, focusing primarily on the claimed sufficiency of the evidence of knowing receipt.  The government did not seriously dispute that possession of child pornography was a lesser included offense of receipt; the gravamen of the government's argument was that the evidence did not support a possession instruction in this case. The government did not address the question of the trial court's authority to enter a judgment of conviction on a lesser-included offense.

After hearing, the Court issued a memorandum and order allowing the defendant's motion for new trial, denying the motion for judgment of acquittal, and deferring ruling on whether to enter a judgment of conviction on possession of child pornography.  The Court ruled that "as a matter of law and discretion ... the requested instruction on the lesser-included offense of knowing possession of child pornography" should have been given.

## II.    THIS COURT NEED NOT ENTERTAIN THE GOVERNMENT'S MOTION.

The government cannot properly compel reconsideration of a legal ruling on the basis of arguments raised for the first time in this context.  As the Court of Appeals has explained:

> Litigation is not a game of hopscotch.  It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.  This principle has deep prudential roots.  **Litigants normally must frame the issues in a case before the trial court rules.  After that point, a litigant should not be allowed to switch from theory to theory like a bee in search of honey.**  Against this backdrop, the district court scarcely can be said to have abused its discretion in refusing to reconsider its decision based on the plaintiff's newly raised argument.

*Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) (emphasis added).

The central focus of the motion for reconsideration is the legal question of whether possession of child pornography is a lesser included offense of receipt of child pornography.  This legal question was barely touched upon in the government's prior submission.  Out of its nine-page memorandum, only the following propositions may be said to have apprised the Court of the government's position: "Possession of Child Pornography is <u>not</u> a lesser included offense of Receipt of Child Pornography," "Receipt of Child Pornography differs from Possession of Child Pornography and amounts to an equivalent offense," and "The elements differ – the one is not fully inclusive of the other."  *See* Document 90, pp. 7-8.  The government did not cite to any legal authority or otherwise meaningfully develop these bald assertions.  The government now raises a number of arguments based on claimed differences in the statutory language of the receipt and possession provisions, in the units of prosecution, in the available defenses, as well as in the elements, which were never even suggested to this Court before it ruled.  This Court need not reconsider its legal ruling based on these new arguments.

-3-

**III.    THIS COURT'S LEGAL CONCLUSION THAT POSSESSION OF CHILD PORNOGRAPHY IS A LESSER INCLUDED OFFENSE OF RECEIPT OF CHILD PORNOGRAPHY WAS CORRECT.**

Even if the government's new arguments had been timely made, they would not alter the outcome. The few cited differences between the statutory provisions at issue are utterly lacking in legal significance.

As the government correctly observes, possession of child pornography is a lesser included offense of receipt of child pornography if the essential statutory elements of possession are a wholly encompassed subset of the essential elements of receipt. *Schmuck v. United States*, 489 U.S. 705, 716 (1989). The government has carefully parsed the wording of the receipt and possession provisions and has seized upon a number of distinctions, which the government itself terms "subtle" and only "potentially meaningful" [p.9], and which ultimately have no bearing on the elements test set forth in *Schmuck*.

The elements of the possession offense are "necessarily included" in the receipt offense. *Schmuck*, 489 U.S. at 716. The essence of receipt is the taking of possession. *See* Document 88-1, *Memorandum of Law in Support of Defendant's Motion for Judgment of Acquittal and Motion for New Trial*, pp. 14-15, and cases cited. *See also United States v. Mohrbacher,* 182 F.3d 1041, 1048 & n. 5 (9th Cir. 1999), collecting definitions of "receive," including: Oxford's English Dictionary 2d 314 (1989) ("[t]o take into one's hand, or into one's possession (something held out or offered by another); to take delivery of (a thing) from another..."); Webster's Third New International Dictionary Unabridged (1986) ("To take back, take, accept, ... to take possession or delivery of ... to knowingly accept ... to take in: act as a receptacle or container for ... to come into possession of: acquire"); Black's Law Dictionary 1268 (6th ed. 1990) ("To take into possession and control; accept

-4-

custody of; collect"). It is not correct to say, as the government does, that receipt merely "involve[s] some notion of possession" [p.7 (emphasis in original)]. Instead, the concepts are related inextricably; it is not possible to be guilty of receipt without being guilty of possession.

The government posits that a person might be guilty of receiving child pornography but not guilty of possessing child pornography if he views an offensive image without taking control of it [p.9 n.2, citing *United States v. Raffin*, No. 03-0013 (M.D. Tenn., Apr. 3, 2004) (unpublished disposition)].[1/] This is not the law. In *United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2005), the Ninth Circuit reviewed the sufficiency of a search warrant authorizing seizure of the defendant's computer based on information that he had been a paying member of a child pornography web site for two months. The defendant, who had pleaded guilty to possession of child pornography, urged on appeal that the warrant was deficient because there was no evidence that he had ever downloaded any images. After hearing the matter *en banc*, a majority rejected the claim, finding probable cause to believe that the defendant possessed prohibited images on his computer even in the absence of specific evidence of downloading. Two judges filed dissenting opinions.

Judge Kleinfeld urged in his dissent in *Gourde* that it could not be assumed based on the defendant's membership alone that he possessed child pornography, because "possession of child pornography is a very serious crime." *Gourde*, 440 F.3d at 1079 (Kleinfeld, J., dissenting). He explained:

> [The defendant] could use the site to look at child pornography without downloading it, a reasonable assumption in the absence of evidence that he had downloaded images. Common sense suggests that everyone, pervert or not, has the desire to stay

---

[1]      Defense counsel (and local government counsel, as well) has been unable to locate the *Raffin* decision. Defense counsel located a docket for *Raffin* using PACER under the case no. 03-0213, but it did not refer to any such decision.

out of jail ... It would be irrational to assume that an individual is indifferent between subjecting himself to criminal sanctions and avoiding them. To commit the crime for which the warrant sought evidence, one has to do something more than look: he must ship, produce, or at least knowingly possess. **The two child pornography statutes at issue [18 U.S.C. §§ 2252-2252A] do not say that** *viewing* **child pornography is a crime ... There is nothing in either statute that criminalizes looking.**

*Id*. at 1079-1081 (emphasis added). Judge Kleinfeld specifically addressed whether the receipt of child pornography provision criminalized looking at offensive images:

About the closest the statutes get to mere looking is the phrase "knowingly receives." Though precedent does not settle the question, it does not square with common sense to treat looking as knowingly receiving. True, electrons have to turn a lot of bits into ones and zeroes on the looker's computer to enable him to look, and he has received the electronic signals that do this. But that is not much different from light waves from a picture stimulating rods and cones on the retina. One would not say that a person who had looked at the Mona Lisa at the Louvre had "received" it ... The concept of "receiving" implies possession. Possession requires dominion and control, a concept well understood from drug and firearms cases.

*Id*. at 1081-82.

Not only does the government's proposition that merely viewing child pornography could constitute criminal receipt "not square with common sense," it also runs directly counter to the clear congressional purpose to punish most severely those who are most directly tied to the market for child pornography. *See United States v. Grosenheider*, 200 F.3d 321, 332-33 (5th Cir. 2000) ("Congress established a series of distinctly separate offenses respecting child pornography, with higher sentences for offenses involving conduct more likely to be, or more directly, harmful to minors than the mere possession offense"). Receipt of child pornography is punished more severely than possession because receipt is a greater evil. *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) ("It is certainly not irrational to punish more severely the person who knowingly receives such material, because it is that person who is creating and/or perpetuating the market for such

material"), *citing United States v. Ellison*, 113 F.3d 77, 81 (7th Cir. 1997) (distinctions in § 2252 assigning a lower base level for mere possession are intended to punish more harshly conduct that creates or strengthens the market for child pornography). It cannot be said that simply looking at prohibited images, absent any purchase, reproduction, or exercise of dominion or control whatsoever, strengthens the market to a greater extent than the actual retention of those images. As Judge Kleinfeld put it: "possession was and is a serious crime, while simple viewing is not." *Gourde*, 440 F.3d at 1083 (Kleinfeld, J., dissenting).

The government also attributes significance to the wording of the receipt and possession provisions, urging that each subtle difference reflects a congressional intent to define wholly distinct crimes. Particular emphasis is placed on the fact that § 2252(a)(2) punishes receipt of "any visual depiction" that constitutes child pornography and satisfies the interstate commerce requirement, while § 2252(a)(4)(B) punishes possession of "**matter which contain** any visual depiction" constituting child pornography and satisfying the interstate commerce requirement [pp.8-9 (emphasis added)].[2] The government does not suggest that this wording establishes different elements of proof; it cannot seriously be maintained that a conviction of possession requires proof that the offending visual image was contained in some particular medium. Instead, the government opines that Congress may have contemplated different "units of prosecution" [p.8], such that not every actionable receipt would be an actionable possession. The government is mistaken. If this theory

---

[2]    The government also suggests that there may be some significance to the barely perceptible distinction between the phrase, "contains materials which have been mailed ...," appearing in the receipt provision, and the phrase, "produced using materials which have been mailed ...," appearing in the possession provision [pp. 8-9]. The government does not, however, articulate what possible significance there might be, nor has it cited any cases to support this notion.

were correct, then a person caught downloading prohibited images onto a computer would be charged with possession of the computer and receipt of each of the images, yet this is clearly not the practice. *See, e.g., United States v. Wendehake*, Slip Copy, 2006 WL 3498911 (S.D.Fla. 2006) (defendant was charged in a two-count indictment with receipt and possession of child pornography stemming from discovery of approximately 90 images on his computer; receipt charge related to those images which the government could prove were received in interstate commerce, and possession charge covered remaining images for which receipt could not be proven).

The difference in the wording of the receipt and possession provisions is nothing more than a vestige of an evolving statutory scheme which has undergone numerous and substantial revisions since its enactment in 1978. *See* Pub.L. 95-225, § 2(a), Feb. 6, 1978. As first enacted, 18 U.S.C. § 2252 only punished receipt of child pornography if receipt was "for the purpose of sale or distribution." *Id.* The "sale or distribution" language was stricken in 1984, and the knowing receipt of child pornography even for personal use was first made criminal at that time. Pub.L. 98-292, § 4, May 21, 1984. The simple possession of child pornography was not addressed until the enactment of the Crime Control Act of 1990, which added the possession offense to § 2252. Pub.L. 101-647, Title III, § 323, Nov. 29, 1990. Since the offenses of receipt and possession were created in separate legislative enactments approximately a decade apart, it is not surprising that they employed similar but not identical language to describe the same offending material.

As the government observes [p. 10, n.3], when possession of child pornography was first criminalized, it was not actionable unless "3 or more books, magazines, ... or other matter" were at issue. Pub.L. 101-647, Title III, § 323, Nov. 29, 1990. This provision was modified in 1998 to reflect a "'zero-tolerance' policy that would make the possession of any child pornography illegal."

H.R. REP. 105-576, H.R. Rep. No. 576, 105th Cong., 2nd Sess. 1998, 1998 WL 304069 (Leg.Hist.)
<u>Providing for the Consideration of H.R. 3494, the Child Protection and Sexual Predator Punishment Act</u>.  Thenceforth, possession of any amount of child pornography was criminal, and provision for an affirmative defense was made applicable where less than three items were at issue.  Pub.L. 105-314, Title II, §§ 202(a), 203(a), Oct. 30, 1998.

The government urges that this statutory affirmative defense is additional evidence that possession is not a lesser included offense of receipt [p.10].  It claims that in *United States v. Franchi-Forlando*, 838 F.2d 585, 591 (1st Cir. 1988), the First Circuit held two drug control statutes "to be different for purposes of the *Blockberger* elements inquiry based in part on differences in their affirmative defenses" [p.10].  This is not a fair reading of *Franchi-Forlando*.  The two statutes at issue in that case criminalized unauthorized importation of controlled substances.  One statute prohibited importation of narcotics "unless importation ... [was] approved by the Attorney General," and the other prohibited importation of narcotics "unless such substance or drug is a part of the cargo entered in the manifest."  *Franchi-Forlando*, 838 F.2d at 589; 21 U.S.C. § 952(a); 21 U.S.C. § 955.  The Court of Appeals read these statutes as establishing different elements of proof: the first required proof of "unapproved" importation, while the second required proof of "improperly documented" importation.  *Franchi-Forlando*, 838 F.2d at 590.  It was noted that "the statutes introduce those portions [that makes the two statutes differ in scope] with the words 'unless' and 'except,' and defendants may have to treat them as affirmative defenses."  *Id*. at 591.  This comment in *Franchi-Forlando* does not amount to a holding that affirmative defenses are generally to be taken into account in applying the elements test. The two importation statutes at issue in *Franchi-Forlando*, unlike the receipt and possession provisions of 18 U.S.C. § 2252, addressed wholly different

-9-

conduct.  The affirmative defense applicable to possession of child pornography, on the other hand, concerns the degree of harm, and not the nature of that harm.[3/]

Since neither the available defenses nor the units of prosecution have any bearing on the required elements of the prosecution's proof, and this is the only proper focus of the *Schmuck* elements test, the government's arguments must fail.  *Compare United States v. Martin*, 732 F.2d 591, 593 (7th Cir. 1984) (rejecting government's claim that receipt and possession of a firearm diverged when the concept of venue was considered, since venue "is not an essential fact constituting the offense charged").  For the reasons previously set forth in the defendant's *Memorandum of Law in Support of Defendant's Motion for Judgment of Acquittal and Motion for New Trial*, the conclusion that possession of child pornography is a lesser included offense of receipt is inescapable.[4/]  *C.f. United States v. Morgan*, 435 F.3d 660, 662-63 (6th Cir. 2006) (stating without

---

[3]     *Franchi-Forlando* stated that "*Blockburger* itself found a difference between two similar statutes based on the fact that one of them contained an affirmative defense."  838 F.2d at 591.  The basis for this proposition is difficult to discern; *Blockburger* does not discuss affirmative defenses.  Rather, like *Franchi-Forlando*, *Blockburger* held two statutes to require different elements of proof where they penalized sales of narcotics made in the absence of certain "qualifying requirements."  *Blockburger v. United States*, 284 U.S. 299, 302 (1932).  The Court explained: "Section 1 of the Narcotic Act creates the offense of selling any of the forbidden drugs except in or from the original stamped package; and section 2 creates the offense of selling any of such drugs not in pursuance of a written order of the person to whom the drug is sold. Thus, upon the face of the statute, two distinct offenses are created."  *Blockburger*, 284 U.S. at 303-04.

[4]     The government has challenged the defendant's reliance upon *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006) [p. 7, n. 1].  In doing so, it grossly mischaracterizes the discussion in that case.  While *Kuchinski* did observe that the defendant's double jeopardy claim failed as framed since he had not actually been punished for both receipt and possession convictions, it went on to address another double jeopardy claim that the defendant had not raised and which is directly relevant here.  The *Kuchinski* court noted that "if, as it seems, the [receipt and possession] counts were based on the same acts, **entering judgment on both of the offenses would be improper**."  *Kuchinski*, 469 F.3d at 859 (emphasis added).  Since the case was to be remanded on other grounds, the court instructed: "upon remand the district court should revisit this question also,
(continued...)

-10-

discussion: "Defendant entered an oral conditional plea of guilty to possessing images depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(5)(B), a lesser-included offense of the charged violation [of receipt under 18 U.S.C. § 2252A(a)(2)].")

**IV.    SINCE THE GREATER OFFENSE OF KNOWING RECEIPT OF CHILD PORNOGRAPHY WAS NOT PROVEN IN THIS CASE, WHILE THE INCLUDED OFFENSE OF POSSESSION WAS PROVEN, THIS COURT SHOULD ENTER A JUDGMENT OF CONVICTION ON THE LESSER OFFENSE.**

The government asserts that this Court is not authorized to enter a conviction of possession because: (1) a district court may only reduce a conviction to the lesser included offense where (a) the evidence was insufficient as a matter of law on the greater offense and (b) the jury was actually instructed on the lesser offense; and (2) the appellate power to reduce verdicts is irrelevant.  The government does not explain any substantive distinction between the power of appellate versus district courts in this arena.  In fact, the powers are co-extensive.  *United States v. Dhinsa*, 243 F.3d 635, 674-75 (2nd Cir. 2001).  Any obstacles to a reduction of the verdict by the trial court apply with equal force to the same action by the appellate court.  Although it has long been accepted practice to "direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense," the constitutionality of the practice has not seriously been questioned.  *Rutledge v. United States*, 517 U.S. 292, 305-07 (1996); *Dickenson v. Israel*, 482 F.Supp. 1223, 1225 (E.D. Wis. 1980), *aff'd* 644 F.2d 308 (7th Cir. 1981).  A careful review of the caselaw reveals that the possible objections are as follows.

First, where the ground upon which a conviction of the greater offense has been reversed is

---

(...continued)

and, unless some considerations not presently apparent to us require otherwise, **the district court should vacate the conviction on one of the counts**."  *Id*. at 860 (emphasis added).

insufficiency of the evidence as to the element distinguishing the greater and lesser offenses, double jeopardy principles may bar entry of a conviction on the lesser included offense. *Anderson v. Mullin*, 327 F.3d 1148, 1154 (10th Cir. 2003); *United States v. Gooday*, 714 F.2d 80 (9th Cir. 1983). The Supreme Court has made it clear that once a reviewing court has found the evidence legally insufficient trial on a given charge, the Double Jeopardy Clause precludes re-prosecution on that charge. *Tibbs v. Florida*, 457 U.S. 31, 42 (1982); *Burks v. United States*, 437 U.S. 1, 18 (1978). It has expressly left open "the question of whether the State could, consistent with the Double Jeopardy Clause, try [a defendant] for a lesser included offense in the event that his [conviction for the greater offense] is voided [based on insufficiency of the evidence]." *Greene v. Massey*, 437 U.S. 19, 24 (1978). Only one circuit court of appeals tackling this question since *Greene* has expressly conditioned the answer upon whether or not the jury was actually instructed on the lesser included offense.[5] *E.g. Gooday*, 714 F.2d at 83 (when jury has been instructed on lesser included offenses, "such lesser included offenses should be treated as if they had been specified in separate counts of the indictment" and retrial is not precluded), *followed by United States v. Vasquez-Chan*, 978 F.2d 546 (9th Cir. 1992) (appellate court may order entry of judgment on lesser included offense only when jury was explicitly instructed that it could find the defendant guilty of the lesser included offense). The vast majority of jurisdictions, however, have held that where the jury must necessarily

---

[5]       The Second Circuit appears to have drawn a similar conclusion in *Dhinsa*, agreeing with the defendant's contention that his conviction could not be affirmed based on a lesser offense where the jury was not asked to consider that offense. *Dhinsa*, 243 F.3d at 675. It is important to note that the lesser offense at issue was an "attempt" to commit the substantive crime. Thus, unlike a lesser included offense that is a straight subset of the greater offense, it cannot be said that "for all practical purposes the jury *was* instructed on the lesser included offense" via the instructions on the elements on the greater offense. *See United States v. Duran*, 141 F.3d 1186, 1998 WL 115865 (10th Cir. 1998), Unpublished Disposition.

-12-

have found all of the elements of the lesser offense, entry of judgment on that count is proper regardless of the instructions. *E.g. United States v. Brisbane*, 367 F.3d 910 (D.C. Cir. 2004); *United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993); *United States v. Hunt*, 129 F.3d 739, 745-46 (5th Cir. 1997); *United States v. Cobb*, 558 F.2d 486 (8th Cir. 1977). *See also United States v. Romano*, 137 F.3d 677, 680-81 (1st Cir. 1998) (noting but not addressing the issue).

Of course, if a double jeopardy objection to entry of judgment on the lesser-included offense is appropriate, it is the defendant's objection to make. "After all, one of the purposes of the Double Jeopardy Clause is to prevent multiple prosecutions and to protect an individual from suffering the embarrassment, anxiety, and expense of another trial for the same offense." *Morris v. Matthews*, 475 U.S. 237, 247 (1986), *citing Green v. United States*, 355 U.S. 184, 187-77 (1957). It would be "incongruous" for the government to insist upon a retrial in the name of the Double Jeopardy Clause where it is clear that the jury necessarily found that the defendant's conduct satisfies the elements of the lesser included offense. *Matthews*, 475 U.S. at 247.

The second possible objection to entry of judgment on the lesser included offense, on the other hand, arises from the government's executive power to pursue charges as it deems fit. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (discussing prosecutorial authority). In cases where a conviction of the greater offense has been reversed on grounds other than sufficiency of the evidence, double jeopardy principles do not bar retrial. *United States v. Ball*, 163 U.S. 662, 672 (1896); *Burks*, 437 U.S. at 15. The prosecution may therefore insist upon its right to retry the greater offense.[6] *See United States v. Bryant*, 420 F.2d 1327, 1336 n.17 (D.C. Cir. 1969) ("Because the

---

[6]     It goes without saying that the defendant would also have the right to insist that the prosecution prove him guilty beyond a reasonable doubt at a second trial.

present case ... involves no determination that the Government's evidence was insufficient to sustain judgment on the greater offense, no sound reason appears for denying the prosecution the right, if it insists, to retry the defendant for the greater offense"). *See also, e.g., United States v. Giampino*, 680 F.2d 898, 902-03 (2nd Cir. 1982) (where remand was required because lesser included offense instruction should have been given, but evidence on greater offense was not legally insufficient, district court could enter judgment of conviction on lesser offense if government consented); *United States v. Whitaker*, 447 F.2d 314, 322 (D.C. Cir. 1970) (same).

As previously set forth in the defendant's *Memorandum of Law in Support of Defendant's Motion for Judgment of Acquittal and Motion for New Trial*, pp. 8-10, this Court should find that the government's evidence on the single element distinguishing receipt and possession – the requisite knowledge at the moment that the videos were taken into possession – was insufficient as a matter of law, and that entry of judgment on the lesser offense of knowing possession is appropriate.  In addition to the deficiencies in proof raised by the defendant, this Court has itself noted that the defendant's proven "eagerness to please" undercuts any inference of knowledge that might be drawn from his statements to law enforcement, as those statements may have been "overembellish[ed]." Hearing Transcript p. 7.

If this Court follows its stated inclination to find that the evidence of knowing receipt was sufficient (Hearing Transcript p. 7), then, based on the defendant's reading of the caselaw, the government's consent must be obtained before a judgment of conviction may enter on a charge of possession of child pornography.

**CONCLUSION**

The government's chief complaint concerns the Court's legal determination that possession of child pornography is a lesser included offense of receipt. Given the untimeliness of the claim, and the telling lack of substance to the argument, there is no cause for this Court to modify its original determination. Since possession is a lesser included offense of receipt of child pornography, and since the government has already obtained a conviction for possession, this Court should enter a judgment of conviction on so much of the indictment as charges possession, sparing the parties the expense and hardship of a retrial at this time.

Respectfully submitted,
**DANIEL KAMEN**
By his attorneys,


/s/ Charles W. Rankin
_____
Charles W. Rankin, BBO No. 411780
Michelle Menken, BBO No. 644537
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
617-720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 12, 2007.

/s/ Charles W. Rankin

_____

Charles W. Rankin