UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| V. ) | Criminal No. 04-10384-PBS |
| ) | |
| **DANIEL KAMEN,** ) | |
|     **Defendant** ) | |

**MEMORANDUM REGARDING STATUS CONFERENCE
TO DISCUSS POSSIBLE GOVERNMENT APPEAL
OF ORDER DENYING RECONSIDERATION**

At a hearing on April 30, 2007, this Court issued an order denying the United States's motion for reconsideration of the Court's decision to grant the defendant, Daniel Kamen ("Kamen") a new trial. The order was entered on the docket the same day. During the hearing, the Court inquired whether the government was likely to appeal this ruling. The Court stated that the government's decision to appeal could affect whether it would issue a written decision addressing the grounds for its decision and the issues raised by the parties' filings. When the government responded that it could not say at that time whether it would appeal, given the need to obtain authorization for any decision from, among others, the Solicitor General of the United States, the Court proposed that a status conference be scheduled at which the government could provide further information about its plans. The status conference was scheduled for May 15, 2007.

The government has several concerns with the course the Court has proposed to follow. First, as a practical, matter the government will not by May 15 be able to provide the Court with an assessment of the likelihood of a government appeal in this case. As the government explained at the hearing, it is the decision of the Solicitor General to appeal or forego appeal of a decision of the sort involved in this case and his decision is obtained after several stages of review. The government does not think it would be appropriate, or helpful to the Court, to speculate as to the

outcome of the process while review is ongoing. Given this, the government questions the need for the proposed status conference. In addition, the government respectfully objects to the Court's stated intent to issue a memorandum at a later time and to decide whether to do so based on whether there is an appeal. The Court's decision to write an opinion should be made independently of whether either party files a notice of appeal. Moreover, a district court's written decision should come before the time for filing a timely notice of appeal elapses. In this case, the government recommends that the Court issue an order vacating its decision on the motion for reconsideration and stating that its decision on the defendant's motion for new trial and on the government's motion for reconsideration will become final for purposes of appeal when the written opinion is entered on the docket.

The government submits that the practice of issuing memoranda long after a party files a notice of appeal is both legally wrong and unhelpful to litigants. Under the Federal Rules, the government has only 30 days from the date the order denying reconsideration is entered on the docket to file a timely notice of appeal. Fed. R. App. P. 4(b)(1)(B)(i). Once filed, the notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)(per curiam); United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) (citing Griggs); see also United States v. Brooks, 145 F.3d 446, 455-456 (1st Cir. 1998). Because the filing of the notice of appeal divests the district court of jurisdiction, the district court cannot properly make or supplement its factfindings or legal conclusions after the notice has been filed. See Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013-1014 (6th Cir. 2003); see, e.g., Pro Sales, Inc. v. Texaco, USA, 792 F.2d 1394, 1396 n.1 (9th Cir. 1986) (noting that district court lacked power to amend opinion when notice of appeal already filed); Ced's Inc. v. United States EPA, 745

F.2d 1092, 1095 (7th Cir. 1984) (vacating district court's supplemental opinion on issue on appeal, which set forth additional grounds in support of original order, because issued one week before appellant EPA's opening brief due and no exception to general rule on divestiture applicable); Sumida v. Yumen, 409 F.2d 654, 656-657 (9th Cir. 1969)(holding, where district court issued amended findings and conclusions and amended order after notice of appeal filed, that court "had no power to modify its judgement in the case or proceed further except by leave of the appellate court.").[1]

Issuing a written decision long after the deadline for filing notices of appeal has past, as the Court has proposed to do, also frustrates the parties' ability to understand the bases for the district court's decision before deciding whether to appeal. This is particularly important for the government, given the procedures followed in determining if an appeal should proceed. As noted above, any appeal taken by the United States must be authorized by the Solicitor General of the United States. See 28 C.F.R. §0.20(b). The Solicitor General's authorization, which is based upon his review of the existing record, is very specific: he not only decides whether the United States should appeal a decision adverse to the United States at all, but what issues should be presented to the Court of Appeals. A timely memorandum from the district court – i.e. one issued at the same time as an appealable order – obviously can play an important role in the government's decision to appeal, and, if so, what issues to raise. A memorandum filed later, in contrast, undercuts the government's ability to make a fully informed decision, raising the possibility of both unnecessary

---

[1] Courts of Appeals have at times found that district courts retained jurisdiction to issue opinions that do no more than memorialize oral statements shortly after the notice of appeal has been filed, see, e.g., In re Silberkraus, 336 F.3d 864, 869 (9th Cir. 2003)(finding bankruptcy court retained jurisdiction to publish written findings of fact and conclusions of law four days after filing of notice of appeal where written findings were consistent with earlier oral findings and rulings). This exception has no application here, however, since the Court did not address at the hearing the legal issues raised by the parties' filings.

appeals and a failure to bring potentially meritorious appeals. See Matter of Jones, 768 F.2d 923, 931 (7th Cir. 1985) (Posner, J., concurring) (disapproving bankruptcy court's practice of issuing written opinions only if appeal filed because, inter alia, "[t]he losing party cannot make an informed judgment whether to appeal until he has the complete statement of the district judge's reasons.").[2] These concerns are well illustrated in the present case, in which the Court has issued its ruling without addressing, either in writing or orally, what it admitted were complicated issues raised by the parties' filings. Similar concerns are presented when a district court issues an appealable decision that is adverse to the defendant; the defendant should know the court's rationale before the time for filing a timely notice of appeal, or motion for reconsideration, lapses.

Given the foregoing, if this Court thinks a written opinion appropriate, it should ensure that the opinion be available before the deadline for filing a notice of appeal has run. From the Court's statements, the government understands that the Court does not plan to issue an opinion prior to May 30, 2007, when the government would have to file its notice of appeal from the Court's April 30, order denying reconsideration. The government therefore requests that the Court vacate that order and rule that its order on the defendant's motion for new trial and on the government's motion for reconsideration will become final for purposes of appeal when the written opinion is entered on the docket.

                                                  Respectfully submitted,

                                                  MICHAEL J. SULLIVAN
                                                  United States Attorney

---

[2]This is particularly true to the extent the district court's decision relies on findings of fact. Because factfindings are reviewed for clear error, giving "due weight" to the court's inferences, Ornelas v. United States, 517 U.S. 690, 699 (1996), a district court's later written pronouncement of the facts it has found and inferences it has made, even if not substantially different from its earlier oral findings, may well affect, if not change, a party's decision to appeal.

By: /s/ *Randall E. Kromm*
RANDALL E. KROMM
Assistant U.S. Attorney
Criminal Appeals

Certificate of Service

I hereby certify that on May 10, 2007, this Notice of Appeal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Randall E. Kromm*
RANDALL E. KROMM
Assistant U.S. Attorney
Criminal Appeals