UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

CRIMINAL No. 04-10384-PBS
_____

UNITED STATES

v.

DANIEL KAMEN
_____

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Daniel Kamen, defendant in the above-captioned criminal case, hereby submits the attached report of his treating mental health professional, Dr. Carol J. Ball, in support of his motion to modify conditions of relief. The defendant argues that this report supports the defendant's request for (1) being allowed outside his home without his mother between the hours of noon and 8 p.m.; and, (2) being allowed to travel between Boston and the West Coast with his mother in late June and early July.

                Respectfully submitted,
                **DANIEL KAMEN**
                By his attorneys,

                     /s/ Charles W. Rankin
                Charles W. Rankin, BBO 411780
                Michelle Menken
                Rankin & Sultan
                151 Merrimac Street
                Boston, MA 02114
                (617) 720-0011

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 11, 2007.

                                            /s/ Charles W. Rankin
                                            Charles W. Rankin



**NEW ENGLAND FORENSIC ASSOCIATES**

22 Mill Street, Suite 306
Arlington, MA 02476-4744
Tel: 781 643 0610
Fax: 781 643 1609
e-mail: NEFA@nefacorp.com

*Co-Founders*
Carol J. Ball, Ph.D
Theoharis K. Seghorn, Ph.D.

*Forensic Psychologist*
Barbara Schwartz, Ph.D.

*Assistant Clinical Director*
Ruth Lewis, Ph.D

*Associates*
Joel T. Andrade, LICSW
Carlos Davila, Ed.D.
Nancy E. DiZio, LMHC
Steven A. Hughes, Ed.D.
Leo D. Keating, LICSW
Joseph P. Seets, M.A.
Denise M. Stack, M.A.

June 11, 2007

Charles Rankin
Rankin and Sultan
Attorneys at Law
151 Merrimac Street
Boston, MA 02114

**Re: Daniel Kamen**

Dear Mr. Rankin:

    I am writing to state my professional opinion regarding Mr. Kamen's request for additional released time from the home confinement that he has been serving for the past two years. I understand that he has also requested permission to travel to California and Oregon with his mother to help with his sister's move from California to Oregon.

    I am becoming increasingly concerned about the effects of this extended time under house arrest on Mr. Kamen's mental health. I have observed that he is developing symptoms of agoraphobia. Not surprisingly, he has become overly dependent on his mother and does not want to be far from her at any time. These restrictions have forced him to live in a cocoon. His world has become his home environment with his only outside stimulation being television, movies and occasional telephone contacts with his sister and father. Even the thought of more independence makes him anxious and ever fearful. This is certainly not healthy for a 27-year-old man who should be experiencing increasing self-reliance. Mr. Kamen is aware of this problem and has agreed to face his fears, thus the reason for his request.

    Therefore, if he is to ever resume a normal life style it is important that he begin to desensitize himself by spending more time outside the home and having some independence. I believe the additional time outside his home and without family supervision would help him rebuild his confidence and confront his every increasing anxiety.

Re: Daniel Kamen      June 11, 2007      Page 2

    I understand that the concern about permitting Mr. Kamen to travel to California to help with his sister's move, is because of the complications around the electronic monitoring. I do not believe Mr. Kamen is at risk to flee, or to commit a sexual offense. (This is a man who has never had a hands-on-offense). Certainly, given his anxiety about being out of the house, it is highly unlikely that he would decide to run away and he has no personal funds, or places to run to. So, I see no need for the electronic monitoring at all. Again, I think it would be beneficial for Mr. Kamen to be able to travel with his family and to experience a more normal life, even if only for a short time.

    I am aware of the complexities in Mr. Kamen's legal situation, but I fear that the effects of this seemingly never ending process will so greatly damage this young man that he will never recover. I am not suggesting that he will act out sexually against another person, but rather that he will never be unable to function independently.

                                     Sincerely yours,
                                     NEFA

                                   Carol J. Ball, Ph.D.

CJB/nl

