UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10384-PBS |
| | ) | |
| | ) | |
| DANIEL KAMEN, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PREVENT
REFERENCE TO POTENTIAL SENTENCING CONSEQUENCES**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits this Motion which seeks to prevent the defendant from informing the jury, directly or indirectly, about the potential sentencing range applicable the charge against him, including attempts to elicit this information during the questioning of any witnesses.  Further, the government would ask that the court instruct both parties to advise all potential witnesses (prior to any testimony) to strictly avoid any mention or allusion to sentencing possibilities.

In this matter, the defendant is charged with Receipt of Child Pornography, which conviction carries with it a mandatory term of imprisonment of five years.  The reason for the re-trial is the court's post-verdict decision that it committed error in not instructing the jury that it could also consider the "lesser-included" offense of Possession of Child Pornography, which charge carries with it a significantly reduced mandatory term of imprisonment.  The government believes that, on the face of the charges (receipt v. possession), they appear remarkably similar and that the clearest finding by a jury (guilty or innocence / receipt or possession) will occur only in the absence of information regarding potential penalties (if the "lesser-included"

instruction is given, as anticipated).  Introduction of potential sentencing ramifications would, however, improperly influence the jurors as they deliberate - particularly following testimony about Mr. Kamen's apparently difficult youth and various physical and psychological challenges.

## JUROR CONSIDERATION OF SENTENCING FACTORS IS IMPERMISSIBLE

The Supreme Court has made clear that juries should reach their decision to convict without consideration of the potential sentence.[1]  It is a "well-established principle that a jury is to base its verdict on the evidence before it, without regard to the possible consequences of the verdict."[2]  In Shannon v. United States, the Supreme Court rejected the defendant's argument that the jury must be informed that if they find him not guilty by reason of insanity, the defendant could be committed to a mental institution.[3]  The Court noted that "[t]he principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury."[4]  The jury is the factfinder, responsible for determining whether the defendant is guilty; the judge, by contrast, is responsible for imposing sentences on defendants convicted by the jury.[5]  The rationale behind this distinction is that "[i]nformation regarding the consequence of a verdict is...irrelevant to the jury's task.  Moreover, providing jurors with sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong

---

[1] See Shannon v. United States, 114 U.S. 573, 579 (1994).

[2] Shannon at 576.

[3] Id. at 575.

[4] Id. at 579.

[5] Id.

possibility of confusion."[6]

In United States v. DiMarzo, the First Circuit held that the district court properly excluded evidence of the harsh sentence the defendant would face if convicted of possessing cocaine with intent to distribute.[7] The Court found that introducing this evidence would necessitate an "unwarranted departure from the fundamental division of responsibilities between judge and jury."[8] The defendant sought to introduce the evidence to allow him to argue that because the possible sentence is so high, "the 'real' drug dealers had to select an unsuspecting dupe to transport their drugs."[9] The First Circuit dismissed this argument, noting that a jury should not be instructed of the sentencing range applicable to the crime charged even when it has "some minimum probative value."[10]

The Court in Shannon acknowledged that in "certain limited circumstances" an instruction of some form regarding the possible sentence may be necessary.[11] An instruction to correct a specific misunderstanding might be necessary when the "the jury has been affirmatively misled by counsel or a witness."[12] This could happen, for example, if "a witness of prosecutor states in the presence of the jury that a particular defendant would 'go free' if found [not guilty

---

[6]Id.

[7]80 F.3d 656, 660 (1st Cir. 1996).

[8]Id.

[9]Id.

[10]Id.

[11]114 U.S. 573, 587 (1994).

[12]United States v. Pabon-Cruz, 391 F.3d 86, 95 (2nd Cir. 2004).

by reason of insanity]."[13] However, the possibility of a general mistaken belief regarding sentencing, such as the assumption that defendants found not guilty by reason if insanity are released into society immediately, was not sufficient to warrant an instruction regarding applicable sentencing.[14] In the case at hand, there are no such circumstances which warrant the Court of the Defendant to provide the jurors with sentencing information.

The Second Circuit has applied the holding of Shannon in the context of a recent child pornography case.[15] In that case, the district court judge granted the defendant's request to instruct the jury of the ten-year mandatory minimum sentence that applied to his charge of advertising child pornography.[16] The defendant was also charged with distribution of child pornography, which attached no mandatory minimum sentence.[17] According to the district court judge, "it is counterintuitive that advertising to distribute pornographic images carries a more severe sentence than actually distributing such images, and therefore, jurors might convict on the advertising count alone as part of a compromise verdict."[18] However, before the jury instructions were delivered, the Second Circuit granted the Government's petition for writ of mandamus directing the court not to instruct the jury on applicable sentences.[19] The defendant was convicted on both charges and on appeal the Second Circuit reiterated its view that

---

[13] Shannon, 114 U.S. 573, 587 (1994).

[14] Id. at 584-85.

[15] Pabon-Cruz, 391 F.3d 86 (2nd Cir. 2004).

[16] Id. at 90.

[17] Id. at 89.

[18] Id. at 90.

[19] Id. at 91.

defendants are not entitled to an instruction on sentencing consequences or jury verdicts stating that "nothing in Shannon suggests [the defendant] had any right to receive an instruction on the sentencing consequences of a verdict of conviction in the circumstances with which the District Court was presented."[20]

## CONCLUSION

In the case at hand, the defendant simply cannot make a proper showing that the jury needs to consider the potential sentencing range which might occur upon conviction for Receipt of Child Pornography (or Possession of Child Pornography). The defendant should, therefore, be instructed not to elicit any such sentencing information from its witnesses (including Mr. Kamen's physicians and mother) or from any government witnesses. An appeal to the jury based overtly *or*, perhaps, more subtly upon the potential sentence or sentencing differences should be prohibited in clear terms. Here, there are no special circumstances that would necessitate introducing this evidence, and such information would confuse in its deliberations.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Paul R. Moore
       Paul R. Moore
       Assistant U.S. Attorney

December 07, 2007

## CERTIFICATE OF SERVICE

---

[20] Id. at 94-95.

I hereby certify that a true copy of the above document was served, via electronic filing, upon all parties of record and participating in ECF notification, on December 7, 2007.

          By:    /s/ Paul R. Moore
                  Paul R. Moore
                  Assistant U.S. Attorney