```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA     )
                             )
          v.                 )    Crim. No.  04-10384-PBS
                             )
DANIEL KAMEN                 )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS INDICTMENT

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorneys Leah B. Foley and Randall E. Kromm, submits this opposition to *Defendant's Motion to Dismiss Indictment* and respectfully requests this Court to deny defendant's motion.  The defendant is not entitled to yet another determination of the sufficiency of the government's evidence at his first trial, this time under the guise of a double jeopardy challenge, prior to retrial.  Even if he were, this Court has already expressly rejected the defendant's argument that the government presented insufficient evidence to support his conviction for receipt of child pornography and the defendant provides no reason for this Court to alter its conclusion that the evidence was sufficient.  His motion therefore should be denied.

## Background

Kamen was charged in a one-count indictment with receipt of child pornography in violation of 18 U.S.C. §2252(a)(2).  [D. 1]. The case was tried over four days between October 30 and November

1

2, 2006. At trial, the government introduced a stipulation to facts from which it argued that Kamen had knowingly ordered and received in the mail a group of three videotapes showing minors engaged in sexually explicit conduct. [Ex. 1]. Kamen introduced the testimony of several witnesses which, he argued, cast doubt on his understanding of the nature of the material at the time he ordered and received it.

At the close of the government's evidence, Kamen moved under FRCP 29 for a required finding of not guilty on the ground that the government had not proved the elements of the offense beyond a reasonable doubt. [D.71]. This Court denied the motion. [D.10/31/2006]. At the close of all the evidence, Kamen again moved pursuant to FRCP 29(c) for a judgment of acquittal and also moved in the alternative, for a new trial. [D. 86, 88]. Kamen's motion under FRCP 29 was based on a claim that the government had produced insufficient evidence to establish beyond a reasonable doubt that Kamen knew the material he received depicted minors engaged in sexual activity at the time he received it. [Id.]. Kamen's motion for a new trial was based on his claim that the Court erred in declining to give a lesser-included-offense instruction allowing the jury to convict him of possession of child pornography. [Id.]. At a subsequent hearing, the Court stated that it would not grant Kamen's Rule 29 motion, because "there was enough evidence to support the verdict." [Tr. 7]. However, the

Court indicated that it would grant the motion for a new trial, because it believed it "should have given" the lesser-included-offense instruction. [Tr. 4]. On January 19, 2007, the Court entered a written order confirming that it was denying the Rule 29(c) motion and granting the motion for a new trial, and requesting additional briefing on whether the Court could enter judgment on the lesser included offense. [D.91].

On June 12, 2007, after further briefing and argument, the Court reaffirmed its grant of a new trial but held that it could not enter judgment on the lesser included offense. [D.108, p.25]. The Court found that, under the relevant precedent, it could enter judgment on the lesser offense only if it found that there was not sufficient evidence for the greater offense. [Id., p.24]. The Court concluded that this standard was not met because the Court had already "expressly found the evidence to convict under the greater offense of [receipt of child pornography] was sufficient." [D.108, pp. 25-26].

## Argument

I. **KAMEN IS NOT ENTITLED TO A RULING ON DOUBLE JEOPARDY PRIOR TO HIS RETRIAL.**

Kamen contends that double jeopardy jurisprudence supports his request that this Court determine whether there was sufficient evidence at his first trial before he can be retried. This contention is simply wrong. The relevant Supreme Court and First Circuit precedent establishes that Kamen has no right under the

Double Jeopardy Clause to obtain a ruling on the sufficiency of the evidence before he is retried.

As Kamen acknowledges, the Supreme Court held in <u>Richardson v. United States</u> that double jeopardy protections come into play "only if there has been some event, such as an acquittal, which terminates the original jeopardy." 468 U.S. 317, 325 (1984). The Court further held that a declaration of a mistrial based on the inability of the jury to reach a verdict was not an "event which terminates jeopardy" and, therefore, that a defendant whose trial ended in a mistrial could not raise a double jeopardy claim against his retrial. <u>Id.</u> at 325-26; *see also* <u>id.</u> at 326 (explaining that a defendant whose first trial ended in a mistrial has "no valid double jeopardy claim" against retrial "[r]egardless of the sufficiency of the evidence at [his] first trial").

Following <u>Richardson</u>, the First Circuit, in <u>United States v. Porter</u>, held that <u>Richardson</u>'s reasoning precluded a defendant whose conviction was reversed on appeal on evidentiary grounds from arguing that he was entitled to a ruling on the sufficiency of the evidence at his first trial before he was retried. *See* <u>Porter</u>, 807 F.2d 21, 23 (1st Cir. 1986). The First Circuit found that the reversal of a conviction on appeal for legal error, like a district court's declaration of a mistrial, did not terminate the original jeopardy. 807 F.2d at 24. Because "[n]o double jeopardy question can arise [after remand for a retrial], since the original jeopardy

has never ended[,] . . . neither the district court nor [the appeals court] need examine the sufficiency of the evidence at the first trial." Id. (internal quotation marks omitted).

More recently, in United States v. Carpenter, 494 F.3d 13 (1st Cir. 2007), the First Circuit applied the same reasoning in circumstances very similar to those in this case.  As here, the defendant in Carpenter moved in the alternative for a new trial and for a judgment of acquittal and the district court granted the new trial motion, but not the motion for a judgment of acquittal.  Id. at 17-18.  When the government appealed the grant of the new trial motion, the defendant cross-appealed the denial of the judgment of acquittal, arguing that he was entitled to review to ensure that he was not subject to double jeopardy.  Id. at 24.  The First Circuit declined to exercise jurisdiction over the cross-appeal.  In doing so, the First Circuit held that the logic of Porter that reversal of a conviction for trial error did not terminate the original jeopardy applied equally "where the trial court itself ordered a new trial on the basis of legal error." Id. at 26.  As a result, the First Circuit held, a defendant granted a retrial is "[w]ithout a viable double jeopardy claim." Id.

Attempting to overcome this weight of precedent, Kamen argues that two other First Circuit decisions, United States v. Gonzalez-Sanchez, 825 F.2d 572 (1st Cir. 1987), and Foxworth v. Maloney, 515 F.3d 1 (1st Cir. 2008), support a contrary result.  These cases

provide no basis for declining to give effect to the precedent set forth above. Gonzalez-Sanchez arose in the distinguishable circumstance of a case that had been appealed, after a final verdict, on grounds including evidentiary errors and sufficiency of the evidence. 825 F.2d at 588. Gonzalez-Sanchez stated, in that context, that double jeopardy principles required the appeals court to reach the sufficiency claim although reversal of one defendant's conviction was required on other grounds. 825 F.2d at 588. Gonzalez-Sanchez did not purport to address a defendant's right to obtain a determination of sufficiency following a district court's grant of a new trial motion. Moreover, to the extent Gonzalez-Sanchez could have been read pre-Carpenter as providing some support for Kamen's argument, Kamen's present reliance on the case is untenable given Carpenter's recent, express, and on-point holding that the grant of a new trial motion does not terminate jeopardy and thus does not give rise to a viable double jeopardy claim. *See* Carpenter, 494 F.3d at 26.

Foxworth also presents distinguishable circumstances. That case arose in the context of a district court's ruling granting habeas relief for trial error without reaching the defendant's additional claim that the trial evidence was insufficient. 515 F.3d at 2. While the First Circuit in Foxworth did adopt a "prudential rule" requiring district courts to address sufficiency claims along with trial error claims (while rejecting the argument

that the Double Jeopardy Clause compelled that result), the rule was directed only to what the courts should do "in habeas cases." 515 F.3d at 4. Given the narrow reach of the First Circuit's ruling, and the distinguishable circumstances in which it arose, Foxworth cannot reasonably be read as undermining Carpenter's holding that a defendant who succeeds in obtaining a new trial in the district has no right to mount a double jeopardy-based sufficiency challenge prior to retrial because his initial jeopardy has not terminated.

In light of the foregoing, Kamen's motion should be rejected because he simply has no right under the Double Jeopardy Clause (or under the "prudential rule" of Foxworth) to a determination of the sufficiency of the evidence prior to his retrial.

**II. KAMEN PRESENTS NO REASON FOR THIS COURT TO REVISIT ITS PRIOR RULINGS THAT THE GOVERNMENT PRESENTED SUFFICIENT EVIDENCE OR TO FIND THE EVIDENCE INSUFFICIENT.**

Even if Kamen were entitled to a determination of the sufficiency of the evidence prior to his retrial, he fails to show why this Court, having already addressed the issue, must do so again in the guise of resolving his present motion to dismiss. Nor does he provide a valid reason for this Court to conclude, even if it did so, that the evidence was insufficient to support Kamen's conviction.

This Court has repeatedly considered and rejected Kamen's claim that the government's evidence at trial was insufficient to

prove receipt of child pornography.  [D.10/31/2006; D.91; D.108]. Kamen does not offer significant new grounds on which the Court could find the evidence insufficient – indeed, Kamen's sufficiency argument in the present motion largely restates, at slightly greater length, his argument in his post-trial Rule 29 motion that the government's evidence was insufficient to show that Kamen had the requisite knowledge of the content of the videotapes he ordered at the time he ordered them.  [*Compare* D.88, pp. 8-10 *with* D.134, pp. 5-7].  Under these circumstances, this Court need not and should not revisit the question of whether the evidence at trial was sufficient.  United States v. Genao-Sanchez, 525 F.3d 67 (1st Cir. 2008)(law of the case doctrine establishes the law of a case throughout the balance of litigation in that court); United States v. Vigneau, 337 F.3d 62, 67-68 (1st Cir.2003)(holding that the law of the case doctrine bars relitigation of legal issues presented in successive stages of a single case once those issues have been decided).

In his brief, Kamen implies that this Court should use a more defense-friendly standard in reviewing the sufficiency of the evidence in this context because the grant of a post-judgment motion for acquittal would be appealable (by the government) while the denial of such a motion, when coupled with the grant of a motion for a new trial, would not be.  [D.134, p.18 n.10]. However, he points to no case supporting his view that the

sufficiency standard changes based on the availability of appellate review. To the extent Kamen contends that the sufficiency standard should be differently applied when presented in the context of a double jeopardy claim, precedent also provides no support for that proposition. *See* Gonzalez-Sanchez, 852 F.2d at 588 (performing a sufficiency review in the double jeopardy context without suggesting any difference in the standard applied); Foxworth, 515 F.3d at 4 (directing district court in habeas case to perform sufficiency review under "prudential principle" without suggesting a difference in the standard to be applied).

While the Court thus need not and should not revisit the sufficiency issue, it is also clear that, under ordinary sufficiency of the evidence standards, the evidence in this case was sufficient to establish Kamen's knowledge. That evidence included the oral statement summarized in Stipulation 7, which stated, in relevant part:

> The Defendant also orally admitted that he had ordered the three aforementioned video tapes through the United States mails (*Kissing Cousins*; *Boys Will be Boys*; and *Boys and Girls*), that he knew that the images depicted minors and that the images he had ordered and received contained and depicted minors engaged in sexually explicit conduct.

As this Court concluded in its memorandum and order, the natural reading of this language is that it confirms Kamen's knowledge that the videos contained minors at the time the videos were ordered. [D.108, p. 22]. Thus, the stipulation itself would have

constituted sufficient evidence to establish this point.  This inference is only strengthened by Kamen's signed statement indicating that he ordered the tapes "because [he] was curious about seeing a video of teenage boys." [D.108, p. 4].  Taken together, this evidence certainly permits a reasonable inference that Kamen knew the content of the videos when he ordered them.

**III. THE GOVERNMENT REQUESTS A PROMPT RULING ON KAMEN'S MOTION.**

Kamen was indicted nearly four years ago, in December 2004, and his original trial ended in conviction nearly two years ago, in November 2006.  It has now been more than a year since this Court granted him a new trial, currently scheduled to commence on September 15, 2008.  From his brief, it appears that Kamen intends to appeal an adverse decision on his present motion. [D.134, pp. 17-18 & n.10].  While the government does not believe that First Circuit precedent affords Kamen the right to obtain interlocutory review in this context, the government recognizes the likelihood that obtaining a resolution of this issue, if an appeal is made, will take some time.  Similarly, an appeal by the government could follow a decision by this Court granting Kamen's motion.

In the government's view, Kamen's motion may be expeditiously resolved under current precedent.  Notwithstanding Kamen's arguments, Carpenter makes clear Kamen simply does not have a right to the sufficiency determination he seeks prior to retrial.  494 F.3d at 26.  Even if he did have such a right, this Court's prior

rulings confirm that the evidence was sufficient. Under the circumstances, and in the interest of avoiding additional delay in a case that has already been significantly prolonged, the government respectfully requests that the Court rule promptly on Kamen's motion.

## Conclusion

For the reasons set forth above, the government respectfully requests this Court deny *Defendant's Motion to Dismiss Indictment*.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Leah B. Foley
Leah Foley
Assistant U.S. Attorney

/s/ Randall E. Kromm
Randall E. Kromm
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, Leah B. Foley, Assistant U.S. Attorney, certify that I caused a copy of the foregoing to be served by electronic notice to Charles Rankin, Esq, attorney for defendant.

/s/ Leah B. Foley
Leah B. Foley
Assistant U.S. Attorney