UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 04-CR-10384-PBS

UNITED STATES

v.

DANIEL KAMEN

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
MOTION TO DISMISS INDICTMENT**

**I.     THE GOVERNMENT HAS NOT IDENTIFIED ANY REASON WHY THIS COURT
CANNOT DETERMINE THAT INSUFFICIENT EVIDENCE WAS PRESENTED AT
TRIAL.**

In its Opposition, the government argues at length that the defendant has "no right" to an

evaluation by this Court of the sufficiency of the evidence at trial.  Even assuming *arguendo* that this

is a correct statement of double jeopardy principles, the government has not suggested any reason

to conclude that this Court cannot **choose**, as a matter of fairness or efficiency, to evaluate the

evidence at this juncture.  As the defendant noted in his initial *Memorandum*, while the First Circuit

has said that in some circumstances sufficiency analysis "need" not be performed, it has not said that

the District Court lacks jurisdiction or authority to do so.  *See United States v. Porter*, 807 F.2d 21,

24 (1986) (in that situation, neither Court of Appeals nor District Court "**need** examine the

sufficiency of the evidence") (*emphasis added*).[1]  At the very least, therefore, it would seem to be within this Court's discretion to reach the sufficiency issue.  If the Court examines the sufficiency issue and determines that insufficient evidence was presented, then there can be no doubt that such a determination would be a jeopardy-terminating event, would trigger double jeopardy protections, and would bar retrial.  *See Burks v. United States*, 437 U.S. 1 (1978).

## II.    THE GOVERNMENT HAS NOT RESPONDED TO THE SUBSTANCE OF THE DEFENDANT'S SUFFICIENCY ARGUMENT.

In his *Memorandum*, the defendant presented a detailed discussion of the facts presented at trial, leading to the conclusion that the jury could not have concluded, absent speculation or conjecture, that he knew when he received the materials that they contained depictions of minors and not merely teenagers.  The defendant identified the crucial piece of evidence as language in the stipulation that "he knew that the images depicted minors," language that is susceptible of at least two interpretations: that "he knew" when he ordered and received the videotapes, or "he knew" when he spoke to law enforcement (after viewing the videotapes).  In its *Opposition*, the government argues that its interpretation -- that the defendant "knew" at the time of ordering -- is "the natural reading of this language."  The government does not, however, make any argument that the defendant's reading is not merely disfavored but is actually unreasonable.[2]  This is the crucial

---

[1]    As argued in his initial *Memorandum*, Kamen does not believe that *Porter* necessarily controls the factual scenario presented here, where it is the District Court that granted a new trial.

[2]    The government relies largely on the "law of the case."  The law of the case doctrine, however, certainly does not preclude a court from reconsidering its own prior rulings.  *See Geffon v. Micrion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001) ("The district court has discretion to reconsider previous rulings").

question.  If the jury could not conclude that Kamen's interpretation of the stipulation was incorrect

**beyond a reasonable doubt**, then it could not convict Kamen of the charged crime.[3]  The

government did not carry that burden of proof.


                                                  Respectfully submitted,
                                                  **DANIEL KAMEN**
                                                  By his attorneys,

                                                  /s/ Charles W. Rankin

                                                  _____
                                                  Charles W. Rankin, BBO No. 411780
                                                  Michelle Menken, BBO No. 644537
                                                  Jonathan Harwell, BBO No. 662764
                                                  Rankin & Sultan
                                                  151 Merrimac Street
                                                  Boston, MA 02114
                                                  617-720-0011


### CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 8,
2008.

                                                  /s/ Charles W. Rankin


                                                  _____
                                                  Charles W. Rankin

---

        [3]    The government suggests that Kamen is requesting a new standard of review for his
sufficiency claim.  *Opposition* at 8.  This misapprehends Kamen's argument.  Under traditional
sufficiency analysis, it is clear that insufficient evidence was presented at trial.  Kamen neither needs
nor requests a different standard of review.  To the extent, however, that the Court is uncertain about
the correct resolution of the motion, Kamen suggests that discretion would support erring on the side
of the defendant.  Any error in the favor of the defendant could be fully rectified on appeal, whereas
any error in favor of the government might (if the government's arguments regarding double jeopardy
ultimately persuade the Court of Appeals) be essentially unreviewable.